288 So.2d 517 (1974)
Michael John MALTEMPO, As Administrator of the Estate of Michael John Maltempo, II, Plaintiff,
v.
Richard C. CUTHBERT and Liberty Mutual Insurance Company, Defendants.
No. 73-732.
District Court of Appeal of Florida, Second District.
January 18, 1974.
Rehearing Denied February 11, 1974.
*518 John A. Lloyd, Jr., St. Petersburg, for plaintiff.
James C. Delesie, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for defendants.
GRIMES, Judge.
This case comes to us by certified question.
The certificate succinctly sets forth the issue to be decided, to-wit:

"STATEMENT OF FACTS
The Plaintiff, MICHAEL JOHN MALTEMPO, as administrator of the Estate of Michael John Maltempo, II, heretofore, on March 2, 1973, filed his complaint in this court against the Defendants for injuries and damages sustained by Plaintiff's decedent on February 4 and 5, 1970, alleging that such injuries and damages were caused by the Defendant's, DR. RICHARD C. CUTHBERT, M.D., negligent failure to treat the decedent, MICHAEL JOHN MALTEMPO, II. MICHAEL JOHN MALTEMPO, II, died on February 5, 1970.
On February 5, 1970, there was no explicitly applicable statute of limitations for medical malpractice actions and, therefore, actions for medical malpractice came within Section 95.11(4) of Florida Statutes, F.S.A., which provided a four-year statute of limitations for any action for relief not specifically provided for within Chapter 95 of Florida Statutes, F.S.A. On June 23, 1971, the Legislature of the State of Florida amended Florida Statutes, Section 95.11(6), F.S.A., creating a specific two-year statute of limitations for medical malpractice causes of action. This bill was approved by the Governor on June 23, 1971, and filed in the office of Secretary of State on June 24, 1971. This bill provided that this amendment would take effect on July 1, 1972. The Plaintiff in filing suit on March 2, 1973, came within the general four-year statute of limitations which existed prior to July 1, 1972, but, said filing was outside of the two-year statute of limitations of Section 95.11(6), Florida Statutes, F.S.A. which came into effect on July 1, 1972.

QUESTION
Does section 95.11(6), Florida Statutes, as amended by Chapter 71-254, Laws of Florida, providing a statute of limitations of two years on actions arising out of medical malpractice, apply to an alleged act of malpractice that occurred more than *519 two years prior to effective date of Chapter 71-254, Laws of Florida?"
The plaintiff concedes that the Legislature has the authority to adopt a statute which retroactively shortens a period of limitation, providing those having existing causes of action are given a reasonable time within which to file suit. H.K.L. Realty Corporation v. Kirtley, Fla. 1954, 74 So.2d 876; Buck v. Triplett, 159 Fla. 772, 32 So.2d 753 (1947); Campbell v. Horne, 147 Fla. 523, 3 So.2d 125 (1941). The plaintiff's position is that under established rules of statutory construction[1] it cannot be said that by merely deferring the effective date of the act the Legislature demonstrated a clear intent to give the statute retroactive application.
The defendants agree that before a statute which shortens a limitation period can be given retroactive effect, it must give those persons with existing causes of action a reasonable time within which to file suit. The defendants urge that this reasonable time was provided by the Legislature when it specified that the act should not become effective until more than a year after it was passed. No one suggests that a year is not a reasonable time for the prosecution of a cause of action where a limitation period has been shortened.
There is no controlling precedent in Florida.[2] The closest case in point is Robinson v. Johnson, Fla.App. 1959, 110 So.2d 68. In that case, one of the questions was whether or not a person whose workmen's compensation claim was subject to a three year statute of limitation lost her right to prosecute the claim when the Legislature reduced the limitation period to two years. Her claim had accrued more than two but less than three years prior to the effective date of the act. It was argued that since the act was filed in the Governor's office on May 24 and the effective date was not until July 1, this indicated a legislative intent to make the act retroactive to causes of action accruing prior to its effective date. In holding that the statute did not have retroactive effect, the court rejected this contention without discussion. Therefore, it cannot be determined whether the court was saying that a statute cannot be given retroactive effect through the vehicle of deferring the effective date or simply felt that five weeks and two days was an unreasonably short time within which to bring a suit.
We cannot tell from reading the title to Chapter 71-254 whether the Legislature intended the statute to have retroactive effect. One might reasonably conclude that the Legislature delayed the effective date of the statute so as to protect persons with existing causes of action, thereby manifesting an intent that the statute should be applied retroactively. However, there can be other reasons for deferring the effective date of a statute, and we have been referred to nothing in the legislative history of this law which provides any insight.
Our conclusion is that where there is reasonable doubt concerning legislative intention to provide for retroactive application of a shortened limitation period, the benefit of this doubt should be given to the person with the existing cause of action. We are persuaded by the logic of the New *520 York Court of Appeals in the early case of Gilbert v. Ackerman, 159 N.Y. 118, 53 N.E. 753 (1899). Referring first to the argument in favor of retroactivity, the court said:
"... The doctrine rests, evidently, upon the theory that, as the act has become the law of the state upon its passage, all persons are to be presumed to have notice of its provisions, and, if the period of time intervening until it becomes effectual is not to be regarded as a saving period for the enforcement of existing causes of action, there is no reason in the provision for its taking effect at a future day...."
The court then rejected this contention by stating:
"... I incline to the view that the position taken by the appellate division in this action is, on the whole, the preferable one. It establishes a simple and a salutary rule in the enactment of statutes of limitation, which leaves no room for construction and doubt, and which harmonizes with the principle that recognizes a statute as speaking the moment it takes effect. That a party is chargeable with knowledge of the passage of a statute which alters an existing law, whereby his claim may be affected, is undoubtedly true in law; but I do not consider that that is a sufficient or satisfactory answer to the proposition that, when the legislature makes a new statute of limitations, it should make some provision therein that, after the statute takes effect, parties whose rights of action are to be affected by the new law shall have a reasonable period within which to prosecute their claims. It should not be left to supposition and inference from the circumstances."
See also Hastings v. H.M. Byllesby & Co., 293 N.Y. 413, 57 N.E.2d 737 (1944); Adams & Freese Co. v. Kenoyer, 17 N.D. 302, 116 N.W. 98 (1908).
If we were to answer the certified question affirmatively, we would be holding that the plaintiff's cause of action expired at the very time the act first became effective. We hold that this result should not obtain and, therefore, answer the certified question in the negative.
HOBSON, Acting C.J., and McNULTY, J., concur.
NOTES
[1] In considering the retroactive application of a shortened statute of limitations, this court said in Indemnity Ins. Co. v. Brooks-Fisher Insulating Co., Fla.App. 1962, 140 So.2d 613:

"It is a long settled legal tenet that a statute will not be construed as retroactive unless its terms clearly show that such a result was intended. See In re Seven Barrels of Wine, 1920, 79 Fla. 1, 83 So. 627; City of Miami v. Board of Public Instruction, Fla. 1954, 72 So.2d 901. Instead, the presumption is that a legislative act operates prospectively only, unless there is a clear showing of retroactive intent. State v. Green, Fla. 1958, 101 So.2d 805."
[2] The weight of authority from other jurisdictions appears to tip slightly in favor of the defendants. See e.g. Orlicki v. McCarthy, 4 Ill.2d 342, 122 N.E.2d 513 (1954); Steele v. Gann, 123 S.W.2d 520 (Ark. 1939); Mulvey v. City of Boston, 197 Mass. 178, 83 N.E. 402 (1908).