297 So.2d 854 (1974)
Frank DeLUCA, Appellant,
v.
I.M. MATHEWS et al., Appellees.
No. 73-953.
District Court of Appeal of Florida, Fourth District.
July 26, 1974.
*855 Arthur J. Morburger, Weinstein & Bavly, Miami, for appellant.
Fred M. Peed, Gurney, Gurney & Handley, Orlando, for appellees-Mathews & Hartford Accident and Indemnity Co.
Bruce S. Bullock and Robert M. Sharp, Bullock & Alexander, Jacksonville, for appellees-Boudet, Ruiz, Callahan and Employers' Fire Ins. Co.
Harry K. Anderson, Jr., Howell Kirby Montgomery D'Aiuto Dean & Hallowes, Orlando, for appellees-Kennedy and St. Paul Fire and Marine Ins. Co.
FISCHER, GENE, Associate Judge.
Appellant-plaintiff, Frank DeLuca, appeals the court's granting of motions to dismiss, with prejudice, his suit for malpractice against appellees-defendants, on the grounds that the statute of limitations had expired.
On January 4, 1973, the appellant-plaintiff filed his initial complaint seeking damages for malpractice against the defendant, I.M. Mathews, a doctor practicing osteopathic medicine, and several other doctors, who practiced medicine as M.D.'s.
In the third amended complaint the plaintiff alleged that he first learned of acts constituting malpractice on December 24, 1970, and "had no opportunity before that to learn" thereof.
Motions to dismiss the third amended complaint were filed by each of the appellees-defendants on the ground that plaintiff's allegations show that the statute of limitations had expired, under § 95.11(6) of Florida Statutes. The trial court granted each of the motions to dismiss, with prejudice, on the ground that the statute of limitations had expired.
It is conceded by the parties that malpractice actions were governed by the four-year limitation provision of Florida Statutes, § 95.11(4), until the legislature, by the enactment of Chapter 71-254, Laws of Florida, which became Florida Statute § 95.11(6), specifically limited the filing of malpractice actions to two years. Florida Statute 95.11(6) was enacted June 23, 1971, and became effective July 1, 1972.
The real question here presented is:
Does § 95.11(6), Florida Statutes, as amended by Chapter 71-254, Laws of Florida, providing a statute of limitations of two years on actions arising out of medical malpractice, apply to an alleged act of malpractice that occurred prior to the effective date of Chapter 71-254, Laws of Florida?
A similar question was certified to and answered in the negative by the District Court of Appeal, Second District, in the case of Maltempo v. Cuthbert, 288 So.2d 517, Opinion filed January 18, 1974. There is a distinction between the facts of *856 the Maltempo v. Cuthbert case and the case sub judice. Maltempo's cause of action accrued February 5, 1970 and thus, with the passage of Florida Statutes § 95.11(6) on June 23, 1971, his cause of action expired on July 1, 1972, at which date the new act became effective. In the case sub judice, the plaintiff's cause of action accrued on December 24, 1970, and with the enactment of Florida Statute 95.11(6) on June 23, 1971, the plaintiff, DeLuca, had approximately six months after the effective date July 1, 1972, within which time to file his action.
One might choose to conclude that approximately six months is a sufficient time, after the effective date of the new limitations act, to give retroactive effect to the statute which shortens a limitation period. Under such conditions, reasonableness of notice would then become a fact question in each case. Such a result would not seem to be practical.
The Florida Legislature may well have intended that the delay of approximately one year between the enactment date and the effective date of Chapter 71-254, Laws of Florida, was for the purpose of giving retroactive effect to the newly added limitation statute. However, since there could be other reasons for deferring the effective date of a statute, it seems that the best rule to follow would be that when the legislature enacts a new statute of limitations, the legislature should also make some provision therein that, after the statute takes effect, parties whose rights of action are to be affected by the new law shall have a definite period within which to file or prosecute their claims.
There is reasonable doubt concerning the legislative intention to provide retroactive effect to the newly added statute of limitations, § 95.11(6), and the benefit of this doubt should here be given to the appellant-plaintiff, whose cause of action was dismissed.
This action is reversed, with direction to the trial court to reinstate plaintiff's cause.
The appellant raises an additional question concerning the applicability of Florida Statute, § 95.11(6), to malpractice of osteopaths. Florida Statute § 459.07(2) provided that standards of professional education and the rights of osteopathic physicians are equal to those of the other three schools of medicine designated as allopathic, homeopathic and eclectic.
We hold that the word "medical" as used in F.S. 95.11(6), connotes the healing art of medicine and includes the practice of osteopathy and osteopathic medicine.
Reversed.
MAGER and DOWNEY, JJ., concur.