325 So.2d 37 (1976)
James M. FOLEY, Appellant,
v.
George A. MORRIS, M.D., and the Hartford Accident & Indemnity Company, Appellees.
No. 75-33.
District Court of Appeal of Florida, Second District.
January 14, 1976.
Guy N. Perenich, of Muscarella, Perenich & Carroll, Clearwater, for appellant.
Stephen L. Rosen, of Marlow, Mitzel, Ortmayer & Shofi, Tampa, for appellees.
SCHEB, Judge.
The appellant/plaintiff James M. Foley sued the appellees/defendants, George A. Morris, M.D. and his insurer, The Hartford Accident & Indemnity Company, for alleged medical malpratice. The trial judge dismissed the plaintiff's complaint on the ground his cause of action was barred by the statute of limitations. We affirm.
*38 On September 17, 1974, the plaintiff filed his complaint against Dr. Morris and his insurer, Hartford. The plaintiff alleged the defendant physician left a rubber drain in his body during surgery performed on April 14, 1971; that said drain was removed on September 11, 1971, by Dr. William E. Kilgore when he performed further surgery on plaintiff necessitated by defendant Dr. Morris' original negligence. Further, that on November 13, 1972, Dr. Kilgore performed additional surgery allegedly made necessary by the negligence involved in the first operation. Defendants sought dismissal on basis that the plaintiff's cause of action was barred by the statute of limitations, Fla. Stat. § 95.11(6) (1973), effective July 1, 1972.[1] The trial court granted the motion and entered a final order of dismissal from which the plaintiff now appeals.
The question we address is: Whether the plaintiff's cause of action was governed by the four-year statute of limitations (Fla. Stat. § 95.11(4) (1973)), which was effective until July 1, 1972, or by the new two-year statute of limitations (Fla. Stat. § 95.11(6) (1973)), which became effective July 1, 1972.
The plaintiff contends the four-year statute of limitations applies. He argues that for the new statute to apply, it must be given retroactive effect and that Ch. 71-254 which created Fla. Stat. § 95.11 (6) (1973) did not so provide. Plaintiff relies principally on Maltempo v. Cuthbert, Fla.App.2d 1974, 288 So.2d 517, and DeLuca v. Matthews, Fla.App. 4th 1974, 297 So.2d 854, which cases also involve legislative changes in the limitations period applicable to these same statutes. Further, plaintiff contends that assuming, arguendo, the new two-year statute is applicable to his claim against Dr. Morris, it did not commence running until November 13, 1972, the date of the last surgery performed by Dr. Kilgore.
The defendants, however, argue the statute commenced running from the notice of invasion of plaintiff's rights which occurred no later than September 11, 1971, when Dr. Kilgore removed the rubber drain from the plaintiff's body. Also, they contend that since the plaintiff waited over two years after the effective date of the new statute of limitations, he had the full benefit of the new limitations period.
On the date of the alleged malpractice, i.e., April 14, 1971, there was no statute of limitations explicitly applicable. Rather, medical malpractice actions fell within the "catch all" provision of Fla. Stat. § 95.11(4), which provided a four-year limitations period for actions for relief not otherwise specified in Fla. Stat. Ch. 95. Effective July 1, 1972, however, Fla. Stat. § 95.11(6) provides a specific two-year statute of limitations for medical malpractice actions.
In Maltempo v. Cuthbert, supra, this court held that where there is reasonable doubt concerning legislative intent to provide for a retroactive limitations period, the benefit of that doubt should be given to the party with an existing cause of action. Maltempo recognizes the legislative power to retroactively shorten a period of limitations, as long as persons with existing causes of action are afforded a reasonable period of time in which to file suit. However, in that case the legislature did not provide any time for persons with existing causes of action to sue and the court rejected the argument that the legislature, having given a lengthy notice of passage of the new act prior to its effectiveness, intended retroactive effect.
*39 But, is it necessary that the new statute be applied retroactively if the plaintiff's cause of action is to be governed thereby? We think not. Here the plaintiff waited until he received full benefit of the new two-year statute of limitations before he filed his complaint whereas in both Maltempo, supra, and DeLuca, supra, the plaintiff did not have benefit of the entire new period after the new act was passed. In fact, if the court had given the new statute of limitations retroactive effect in Maltempo, the plaintiff's cause of action would have expired at the very time the act first became effective.
We have not been cited to, nor does our research disclose any Florida case directly on point. However, in Sohn v. Waterson, 1873, 84 U.S. (17 Wall.) 596, 21 L.Ed. 737, the U.S. Supreme Court discussed three different modes of giving a statute of limitations prospective effect and found the preferable course to be that a new statute of limitations commences to apply when the cause of action is first subjected to the operation of the new statute.
Several state courts have applied the Sohn principle to situations similar to this case. In O'Donoghue v. State, 1965, 66 Wash.2d 787, 405 P.2d 258, the plaintiff was injured on May 15, 1963, at a time when the statute of limitations was two years. On June 13, 1963, an act became effective limiting the statute of limitations to 120 days. On December 10, 1963, the plaintiff filed suit. This was within two years from the time of the injury, but after 120 days from the effective date of the shorter limitations period. The court, relying on Sohn, dismissed the complaint, holding that in no sense had there been a retrospective application of the law, stating that "a new statute of limitations takes effect upon the preexisting rights of action and limits them, but in every such case the full time allowed by the new statute is available to the complainant; in other words, the limitation of the new statute as applied to pre-existing causes of action commences when the cause of action is first subjected to the operation of the statute, unless the Legislature has otherwise provided."
Olivas v. Weiner, 1954, 127 Cal. App.2d 597, 274 P.2d 476, involved the following factual situation: In 1941, the California legislature passed a law stating that any action on behalf of a minor for personal injuries sustained prior to, or in the course of birth must be brought within six years from the date of the birth. Until that time such an action could be brought within one year after the child attained his majority. The plaintiff, who was born in December 1931, filed his complaint in June 1953, a date within the former limitations period. The California court wrote:
If six years was a reasonable time within which to sue for future injuries (and it undoubtedly was), it was all the more ample for those that had previously occurred.
There, the plaintiff argued that the amendment operated retrospectively and was therefore invalid. But, citing Sohn v. Waterson, supra, the court on appeal dismissed this argument, holding that anyone having a right of action under the statute had six years after the amendment became effective within which to file his complaint.
Finally, in a recent case remarkably similar to the case at bar, Greenhalgh v. Payson City, Utah 1975, 530 P.2d 799, the plaintiff's cause of action against a physician arose in January 1970, while a four-year statute of limitations was in effect. Then in 1971, the legislature enacted a two-year statute of limitations, effective on May 11, 1971. The new act specifically said: "This act shall not be construed to be retroactive." Suit was filed in December 1973, before the four-year statute would have expired. The Utah court said to apply the new two-year statute to the case when the two-year limitations period *40 was computed as starting on May 11, 1971, did not constitute a retroactive application of the new act. The court held the action to be barred.
As stated, no Florida case appears to be directly on point. Statutes of limitation, however, are generally considered to be procedural. Colhoun v. Greyhound Lines, Inc., Fla. 1972, 265 So.2d 18. Therefore, we conclude that where the plaintiff has had the benefit of the entire new period of limitations to file suit on a pre-existing cause of action, application of the new statute is prospective in that the statutory change relates only to procedures to occur in the future. No substantive right has been impaired. Accordingly, we hold the trial court was correct in holding the plaintiff's cause was governed by the new two-year statute of limitations, Fla. Stat. § 95.11(6) (1973), which became effective July 1, 1972.
We reject plaintiff's argument that the new statute did not commence running until November 13, 1972, on which date plaintiff claims surgical intervention finally brought to light the "full extent" of his injury. Ordinarily a statute of limitations commences running when the plaintiff has been placed on notice of his right to a cause of action.[2]City of Miami v. Brooks, Fla. 1954, 70 So.2d 306; and Vilord v. Jenkins, Fla.App.2d 1969, 226 So.2d 245. The plaintiff's complaint alleges that Dr. Kilgore removed the rubber drain from his body on September 11, 1971. Thus, the plaintiff was certainly aware of his cause of action prior to July 1, 1972, the effective date of the new two-year limitations period.
Affirmed.
HOBSON, A.C.J., and BOARDMAN, J., concur.
NOTES
[1] Fla. Stat. § 95.11(6) amended by Laws of Florida, Ch. 71-254, enacted June 23, 1971, and effective July 1, 1972, provided:

(6) WITHIN TWO YEARS ... ... . an action to recover damages for injuries to the person arising from any medical ... treatment or surgical operation, the cause of action in such case not to be deemed to have accrued until the plaintiff discovers, or through use of reasonable care should have discovered, the injury.
[2] We note that the 1975 session of the legislature further addressed this rule of when the statute commences to run by enactment of Ch. 75-9, amending Fla. Stat. § 95.11(4), effective May 20, 1975, and providing in subsection (b):

(b) An action for medical malpractice shall be commenced within two years from the time the incident occurred giving rise to the action, or within two years from the time the incident is discovered, or should have been discovered with the exercise of due diligence, provided, however, that in no event shall the action be commenced later than four years from the date of the incident or occurrence out of which the cause of action accrued... . In those actions covered by this paragraph where it can be shown that fraud, concealment, or intentional misrepresentation of fact prevented the discovery of the injury within the four-year period, the period of limitations is extended forward two years from the time that the injury is discovered or should have been discovered with the exercise of due diligence, but in no event to exceed seven years from the date the incident giving rise to the injury occurred.