DOWNEY, Judge.
Once again we have for consideration the applicability of § 95.11(6), F.S.1972, the new statute of limitations governing malpractice claims, to claims arising before the effective date of that statute.
The action involved herein arose on September 23, 1970, at a time when the applicable period of limitations under § 95.11(4) F.S.1969 was four years. In 1971 the legislature amended § 95.11(6) to provide that suits for medical malpractice were to be filed within two years from discovery of the cause of action. However, the amendment did not become effective until July 1, 1972. The complaint in this case was filed July 24, 1974, well within four years of the accrual of the cause of action but more than two years after the effective date of the amended period of limitation.
The trial court has certified the following question to this court:
“IS A PLAINTIFF WHO BROUGHT SUIT ON JULY 24TH, 1974 WHOSE CAUSE OF ACTION FOR MEDICAL MALPRACTICE AROSE ON OR ABOUT SEPTEMBER 23, 1970 NOW BARRED FROM PROSECUTING THAT CLAIM BY VIRTUE OF THAT CERTAIN AMENDMENT TO F.S.A. § 95.11(6) CHANGING THE PERIOD OF LIMITATIONS APPLICABLE TO SUCH ACTIONS TO TWO YEARS ?”
We have accepted jurisdiction and propose to answer the question because at the time the question was certified there was no precedent controlling the exact factual question involved in this case. Rule 4.6a, F.A.R.
Since the effective date of the amendment to § 95.11(6) limiting the time for commencing action to two years, the Florida District Courts of Appeal have rendered three relevant decisions.
In Maltempo v. Cuthbert, Fla.App. 1974, 288 So.2d 517, the Second District Court of Appeal answered in the negative a certified question similar to the one presented here. That court was persuaded not to apply the new period of limitation because, 1) where there is doubt as to the legislative intention to make the acts retroactive, the doubt will be construed in favor of the continuing viability of the cause of action, and 2) to hold the act retroactive in that case would have meant the cause of action expired on July 1, 1972, the effective date of the new act.
Next, this court decided DeLucai v. Mathews, Fla.App. 1974, 297 So.2d 854. The cause of action in that case arose December 24, 1970 and suit was filed January 4, 1973. Our decision was based upon the *183 first point mentioned in the Maltempo case.
The most recent decision on this question is Foley v. Morris, Fla.App., 325 So.2d 37, 1976. There the cause of action arose April 14, 1971, and suit was filed September 17, 1974, well within the original four year statute of limitations but more than two years after the effective date of the amendment to § 95.11(6). On that factual situation that court held that the new two year statute barred the cause of action because the plaintiff had the benefit of the entire new period of limitations to file suit on the preexisting cause of action. Thus, the court reasoned, the application of the amended statute was not a retroactive application but rather a prospective one.
“Therefore, we conclude that where the plaintiff has had the benefit of the entire new period of limitations to file suit on a pre-existing cause of action, application of the new statute is prospective in that the statutory change relates only to procedures to occur in the future. No substantive right has been impaired.”
We have reviewed the entire question once again, including the authorities relied upon by the Second District in Foley and are persuaded that the conclusion the court reached in Foley v. Morris, supra, is correct. We thus align ourselves with that court in concluding that if a cause of action for malpractice accrued before July 1, 1972, § 95.11(6), bars the action unless it was commenced within two years from July 1, 1972.
This conclusion is consistent with our decision in DeLuca, since the new period of limitations had not expired when that action was filed, and since the present decision is not a retroactive application of § 95.11(6) F.S.1972. Foley v. Morris, supra.
Accordingly, the certified question is answered in the affirmative.
OWEN, J., and MORROW, RUSSELL 0., Associate Judge, concur.