339 So.2d 215 (1976)
James M. FOLEY, Petitioner,
v.
George A. MORRIS, M.D., and the Hartford Accident & Indemnity Company, Respondents.
No. 48876.
Supreme Court of Florida.
November 4, 1976.
Edward A. Perse, of Horton, Perse & Ginsberg, Miami, and Muscarella, Perenich & Carroll, Clearwater, for petitioner.
Stephen L. Rosen and Paul F. Crames, of Marlow, Mitzel, Ortmayer & Shofi, Miami, for respondents.
DREW, Justice (Retired).
We have for review the decision of the District Court of Appeal, Second District, in Foley v. Morris, 325 So.2d 37 (Fla.2d DCA, 1976), which conflicts with Maltempo v. *216 Cuthbert, 288 So.2d 517 (Fla.2d DCA, 1974), certiorari denied 297 So.2d 569 (Fla. 1974), and DeLuca v. Mathews, 297 So.2d 854 (Fla.4th DCA, 1974), thereby vesting jurisdiction in this Court. Article V, Section 3(b)(3), Florida Constitution.
On September 17, 1974, petitioner filed his complaint against Dr. Morris and his insurer, Hartford, alleging the respondent physician left a rubber drain in his body during surgery performed on April 14, 1971; that said drain was removed on September 11, 1971, by Dr. William E. Kilgore when he performed further surgery on petitioner necessitated by respondent Morris' original negligence; that on November 13, 1972, Dr. Kilgore performed additional surgery allegedly made necessary by the negligence involved in the first operation. Respondents sought dismissal on basis that petitioner's cause of action was barred by the two-year statute of limitations, Fla. Stat. § 95.11(6) (1973), effective July 1, 1972, rather than the four-year statute of limitations, Section 95.11(4), Florida Statutes, in effect when the cause of action accrued. The trial court granted the motion and entered a final order of dismissal from which the plaintiff appealed. Concluding petitioner's cause was governed by the new two-year statute of limitations, the District Court of Appeal affirmed the final order of dismissal.
The questions posited for our determination are (1) whether petitioner's cause of action accrued on September 11, 1971, when the drain was discovered or on November 13, 1972, at which time petitioner underwent additional surgery and (2) whether petitioner's cause of action is governed by the four-year statute of limitations, Section 95.11(4), Florida Statutes, or by the new two-year statute of limitations, Section 95.11(6), Florida Statutes, which became effective July 1, 1972.
We agree with the District Court that petitioner's cause of action accrued on September 11, 1971,[1] at which time the rubber drain was removed.[2] However, we do not concur with the District Court's determination that the new two-year statute of limitations should apply sub judice. In effect, the District Court has in fact retrospectively applied the new statute contrary to the intent of the Legislature.
Since the presumption is against retroactive application of a statute where the Legislature has not expressly in clear and explicit language expressed an intention that the statute be so applied[3] and recognizing the authority of the Legislature to adopt a statute of limitations which retroactively shortens a period of limitation, providing a reasonable time is allowed by the statute within which to file suit, where there is manifest legislative intent to retrospectively shorten the period, we must look to the language of Chapter 71-254, Section 95.11(6), which provides:
"Section 1. Subsection (6) of Section 95.11, Florida Statutes, is amended to read:
"95.11 Limitations upon actions other than real actions.  Actions other than those for the recovery of real property can only be commenced as follows:
"(6) WITHIN TWO YEARS.  An action by another than the state upon a statute for a penalty or forfeiture; an action for libel, slander, assault, battery or false imprisonment; an action arising upon account of an act causing a wrongful death.; an action to recover damages for injuries to the person arising from any medical, dental, optometric, podiatric or chiropractic treatment or surgical operation, the cause of action in such case not to be deemed to have accrued until the plaintiff discovers, or through use of *217 reasonable care should have discovered, the injury.

"Section 2. This act shall take effect on July 1, 1972."
Nothing in the language of the act manifests an intention by the Legislature to do otherwise than prospectively apply the new two-year statute of limitations.
The District Court of Appeal, Second District, in Maltempo v. Cuthbert, supra, which involved the question of retroactive application of Section 95.11(6), Florida Statutes, opined:
"Our conclusion is that where there is reasonable doubt concerning legislative intention to provide for retroactive application of a shortened limitation period, the benefit of this doubt should be given to the person with the existing cause of action."
Confronted with the question of whether Section 95.11(6), Florida Statutes, as amended by Chapter 71-254, Laws of Florida, applied to an alleged act of malpractice that occurred prior to the effective date of that act, the District Court of Appeal, Fourth District, in DeLuca v. Mathews, supra, responded in the negative and declared that where "There is reasonable doubt concerning the legislative intention to provide retroactive effect to the newly added statute of limitations, § 95.11(6), and the benefit of this doubt should here be given to the appellant-plaintiff, whose cause of action was dismissed."
Generally referring to the conceded authority of the Legislature to pass a statute of limitations or to change a period previously established by law and to make the changes applicable to existing causes of action so long as a reasonable time is permitted by the new law for commencing an action before the action is barred, we approve the following language from American Jurisprudence:
"Where the legislature has not sufficiently manifested its intent whether a statute of limitations should apply retrospectively or should apply prospectively only, the question is passed on to the courts to determine, as a matter of construction, in which of these ways the statute should apply. In most jurisdictions, in the absence of a clear manifestation of legislative intent to the contrary, statutes of limitation are construed as prospective and not retrospective in their operation, and the presumption is against any intent on the part of the legislature to make such a statute retroactive. Thus, rights accrued, claims arising, proceedings instituted, orders made under the former law, or judgments rendered before the passage of an amended statute of limitations will not be affected by it, but will be governed by the original statute unless a contrary intention is expressed by the legislature in the new law." 51 Am.Jur.2d § 57, Limitation of Actions.
Since the legislative intent to provide retroactive effect to Section 95.11(6), Florida Statutes, is not express, clear, or manifest, we conclude that it does not apply to causes of action occurring prior to its effective date.
The subject decision of the District Court is quashed with directions to reverse the judgment of the trial court and remand the same for further proceedings there consistent with the views herein expressed.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
NOTES
[1] It was conceded at oral argument by respondent's counsel that the cause of action accrued prior to July 1, 1972.
[2] See Nardone v. Reynolds, 333 So.2d 25 (Fla. 1976).
[3] Cf. Trustees of Tufts College v. Triple R. Ranch, Inc., 275 So.2d 521 (Fla. 1973), H.K.L. Realty Corp. v. Kirtley, 74 So.2d 876 (Fla. 1954), Indemnity Insurance Company of North America v. Brooks-Fisher Insulating Co., 140 So.2d 613 (Fla.2d DCA, 1962).