SMITH, CULVER, Associate Judge.
This is an appeal from a final judgment entered by the trial court dismissing Plaintiffs complaint which alleged professional malpractice. Appellant was Plaintiff below and Appellee was the Defendant. They will be referred to as Plaintiff and Defendant.
The cause of action arose on March 8, 1973 and Plaintiff filed his complaint on August 8, 1975, well within the four year statute of limitations in effect when the action accrued, Section 95.11(4) Florida Statutes 1969, but more than two years after the effective date of the new two year statute, Section 95.11(4)(a) Florida Statutes 1975. The basic issue involved in this appeal is whether the two year statute of limitations should be given retroactive effect and, if so, whether the savings clause provided by Section 95.022 Florida Statutes, 1975 applies to the present case. Section 95.022 Florida Statutes 1975, the “savings clause” reads:
“This act shall become effective on January 1, 1975, but any action that will be barred when this act becomes effective and that would not have been barred under prior law may be commenced before January 1, 1976, and if it is not commenced by that date, the action shall be barred.”
Counsel have cited many cases to us concerning the retroactive application of statutes of limitation. Those concerned with malpractice were medical malpractice cases under Section 95.11(6) Florida Statutes, *1039 1971. This statute did not have a “savings clause.” Since the briefs herein were filed, this Court decided the case of Harris v. Miles, 330 So.2d 181 (Fla. 4th DCA 1976) which came before the Court on the following certified question:
“Is a plaintiff who brought suit on July 24th, 1974 whose cause of action for medical malpractice arose on or about September 23, 1970 now barred from prosecuting that claim by virtue of that certain amendment to F.S.A. § 95.11(6) changing the period of limitations applicable to such actions to two years?”
This was answered in the affirmative. This court, in an opinion by Judge Downey reviewed previous decisions of the Second District Court of Appeal and adopted the holding in Foley v. Morris, 325 So.2d 37 (Fla.2d DCA 1976) in which that court stated:
“Therefore, we conclude that where the plaintiff has had the benefit of the entire new period of limitations to file suit on a pre-existing cause of action, application of the new statute is prospective in that the statutory change relates only to procedures to occur in the future. No substantive right has been impaired.”
It is noted that the court in Foley stated that the application of the statute was prospective only. This conclusion was approved by this court in Harris v. Miles, supra.
After oral argument was held in the ease now before the court, the Supreme Court of Florida on certiorari granted, quashed the decision of the Second District Court of Appeal in Foley, holding that the legislative intent to provide retroactive effect to Section 95.11(6) Florida Statutes, 1971 was not express, clear or manifest, Foley v. Morris, 339 So.2d 215 (Fla.1976). Inherent in this decision is the finding that the application of the two year statute in Foley was retroactive.
We must now determine the effect of the Supreme Court’s decision in Foley v. Morris on the ease we now have for decision. We believe that it has no bearing.
The decisions discussed in this opinion all involved the application of Section 95.11(6) Florida Statutes, 1971 which applied to medical malpractice. Our problem in the instant case concerns Sections 95.11(4)(a) and 95.022 Florida Statutes, 1975, general malpractice. There was no saving clause in the 1971 statutes. Section 95.022, 1975 is a saving clause. The Supreme Court in its decision in Foley held that the Legislature has authority to adopt a statute of limitations which retroactively shortens a period of limitation, provided a reasonable time is allowed by statute within which to file suit where there is manifest legislative intent to retrospectively shorten the period.
Section 95.022 clearly demonstrates the legislative intent to make 95.11(4)(a) retroactive, since it is a saving clause providing a reasonable time in which suits may be filed. Certainly the Plaintiff had a reasonable time in which to file his action after the passage of the statute. The trial judge correctly entered judgment for the Defendant.
AFFIRMED.
CROSS, J., and MASON, ERNEST, Associate Judge, concur.