PER CURIAM.
Upon due consideration of the briefs and record on appeal we are of the opinion that the cause of action giving rise to the entry of a summary judgment in favor of the defendants-appellees accrued prior to July 1, 1972, the effective date of the two-year statute of limitations (Section 95.11(6), Florida Statutes (1973)) governing malpractice actions. See Foley v. Morris, 339 So.2d 215 (FIa.1976); Reinhardt v. Schwab, 343 So.2d 837 (Fla.1977). The plaintiffs-appellants’ cause of action was governed by the four-year statute of limitations,[1] (Section 95.11(4), Florida Statutes (1973)) which was effective until July 1, 1972. Foley v. Morris, supra.
Accordingly, summary final judgment is reversed and the cause remanded for further proceedings consistent herewith.[2]
MAGER and LETTS, JJ., and MOUNTS, MARVIN U., Jr., Associate Judge, concur.

. A review of the record reflects that the issue of the applicable statute of limitations was before the trial court, as reflected by the pleadings filed by the parties. (See transcript pp. 112, 133).

. Since the reversal was predicated upon the applicability of the then existing four-year statute of limitations, it is unnecessary for the court to reach any of the other points presented by the parties in this appeal.