MILLS, Judge.
Thurston was charged with aggravated assault and aggravated battery. He waived a jury trial and the trial court found him not guilty by reason of insanity. On 9 April 1976, pursuant to Fla.R.Crim.P. 3.460, the court ordered Thurston committed to the Department of Health and Rehabilitative Services finding that his discharge would be manifestly dangerous to the peace and safety of the people.
On 21 October 1976, the department notified the state attorney that it intended to present Thurston to a hearing examiner for continued hospitalization under the Baker Act. The hearing examiner held a hearing on 1 December 1976 at which the Department, Thurston and his attorney appeared. On 22 December 1976, he entered an order that in accordance with Section 394.467(4), Florida Statutes (1975), he was denying the request of the Department for continued involuntary hospitalization of Thurston, and that he was recommending the release of Thurston and return of his custody to the committing court for action required by Rule 3.460.
The hearing examiner did not forward copies of his order to the state attorney or the committing court. On 3 February, 1977, the Department sent a letter to the clerk of the committing court attaching a copy of the hearing examiner’s order and requesting that he deliver it to the court. A copy was not sent to the state attorney.
*1226 On 16 March 1977, Thurston moved for discharge on the ground that the State did not timely appeal the hearing examiner’s order. In the alternative, he moved the court to set a hearing to determine if he should be released on the basis of the hearing examiner’s order.
The court denied the motion for discharge but set the matter for hearing to determine whether Thurston should be released. After hearing the evidence, the court denied the motion and recommitted Thurston to the Department.
Thurston contends that the trial court erred in refusing to discharge him because the State did not appeal the hearing examiner’s order of 22 December 1976 and that at the subsequent hearing before the court the State failed to prove by clear and convincing evidence that Thurston continued to meet the criteria for involuntary hospitalization. Thurston further contends that the court’s retention of jurisdiction over him was improper because of the 1977 amendments to Section 394.467(5), Florida Statutes (1975).
Rule 3.460 states:
“When a person tried for an offense shall be acquitted by the jury for the cause of insanity, the jury, in giving their verdict of not guilty, shall state that it was given for such cause. If the discharge or going at large of such insane person shall be considered by the court manifestly dangerous to the peace and safety of the people, the court shall order him to be committed to jail or otherwise to be cared for as an insane person and such person shall be held in custody until released by order of the committing court, or may give him into the care of his friends, on their giving satisfactory security for the proper care and protection of such person; otherwise he shall be discharged.” Section 394.467(5) provides:
“(a) In the case'of auypatient who has been committed to a mental hospital pursuant to Rule 3.460 (Acquittal for Cause of Insanity), Florida Rules of Criminal Procedure, the committing court shall retain jurisdiction in the case.
(b) When a patient is committed pursuant to Rule 3.460, the administrator shall not release such patient without first notifying the State Attorney from the committing county at least 30 days in advance of the anticipated date of release. The State Attorney can request a hearing before a hearing examiner to be held within 15 days. A continuance not to exceed 5 days may be granted at the discretion of the hearing examiner. The State Attorney from the committing county shall represent the interest of the state at such hearing. The patient and his guardian or representative shall be informed of the right to counsel by the hearing examiner. In the event a patient cannot afford counsel in a hearing before a hearing examiner, the Public Defender in the county where the patient is being held or a court appointed attorney shall act as attorney for the patient. If, at a hearing, it is shown that the patient continues to meet the criteria for involuntary hospitalization, the hearing examiner shall sign the order for continued hospitalization pursuant to paragraph (f). If, at a hearing, it is shown that the patient does not continue to' meet the criteria for involuntary hospitalization, the hearing examiner shall sign an order allowing the release of the patient, which order shall not be effective until approved by the committing court.
(c) In all proceedings under this paragraph, both the patient and the State Attorney shall have the right to a finding by a jury. In these proceedings, evidence may be presented by the hospital administrator, the State Attorney, and the patient. The Florida Rules of Criminal Procedure pertaining to jury trials shall be applicable in all cases where the State Attorney or the patient has demanded a jury proceeding. The patient shall have the right to counsel'. In the event a patient cannot afford counsel, the Public Defender of the county in which the proceedings arise or court appointed counsel shall act as attorney for the patient. After hearing all the evidence, the jury, or *1227 in the case where a jury was not requested, the judge shall deliberate and render a decision based exclusively on whether the patient continues to meet the criteria for involuntary hospitalization pursuant to paragraph (l)(a) or paragraph (l)(b). If the patient does not meet either of these criteria, the jury, or in the case where a jury was not requested, the judge shall find that the patient should be released. The hearing provided for herein shall be held within 60 days from the date of notice of appeal; otherwise the patient shall be released in accordance with the order of the hearing examiner.”
The proceeding held by the hearing examiner on 1 December 1976 was held under the provisions of Section 394.467(4) and not under Section 394.467(5)(b). The hearing examiner clearly stated this in his order of 22 December 1976. The hearing examiner also understood and clearly stated that although he recommended the release of Thurston this could not be done without an order of the committing court. Rule 3.460 and Section 394.467(5)(a). At this point, the provisions of Section 394.467(5)(c) came into play. It was then necessary that Thurston move the committing court to approve the release recommended by the hearing examiner. There was no provision for an appeal prior to action by the committing court. There could be none because there was no final disposition of the case until this action was taken. The court properly denied Thurston’s motion for discharge because no appeal could be taken from the hearing examiner’s order of 22 December 1976.
We have not been called upon by Thurston or the State to determine the quantity of proof required to continue or to release Thurston from involuntary criminal hospitalization. Nevertheless, the record in this case discloses that the State proved by clear and convincing evidence that Thur-ston continued to meet the criteria for involuntary criminal hospitalization. Thur-ston argues, however, that the court erred in refusing to allow him to fully cross examine a psychologist witness on the reasons for her opinions. We agree. But, this was harmless error because the court who sat as the jury stated in its order that it ignored the testimony of this witness in arriving at its order. Excluding this testimony, there was still clear and convincing evidence to support the court’s order.
In its order recommitting Thurston to the Department, the court stated:
“In any event, the defendant shall not be released from the Department of Health and Rehabilitative Services without the written consent of this court. The provisions for release shall be governed by Florida Statutes, Section 394.467(5) and Fla.R.Crim.P. 3.460.”
Thurston contends this was improper because of 1977 amendments to Section 394.-467(5) which removed this authority. We do not agree. All actions taken in this case were taken before passage of the 1977 amendments and the 1977 amendments were not given retroactive application by the legislature. Foley v. Morris, 339 So.2d 215 (Fla.1976). The court properly retained jurisdiction under the existing law.
The order appealed is affirmed.
McCORD, C. J., and BOYER, J., concur.