360 So.2d 1313 (1978)
In re ESTATE OF Clifford M. JELLEY, Deceased.
Katherine A. STEVENS, Appellant,
v.
F. Richard HITT, Personal Representative of the Estate of Clifford M. Jelley, Deceased, Appellee.
No. 77-1018.
District Court of Appeal of Florida, Second District.
August 2, 1978.
*1314 Stephen C. Chumbris and Charles S. Carrere, of Harrison, Greene, Mann, Rowe, Stanton & Mastry, St. Petersburg, for appellant.
Joseph J. Davies, St. Petersburg, for appellee.
DANAHY, Judge.
This is an appeal from an order disallowing appellant's claim against the Estate of Clifford M. Jelley, deceased, on the ground that it was barred by the provisions of Section 733.709, Florida Statutes (1975). That section, which provides that undisposed of claims against estates are barred at the expiration of one year from the date the claim is filed, became effective on January 1, 1976. Appellant's claim was filed before that date. We hold that Section 733.709 does not apply to claims filed prior to its effective date, and reverse.
Appellant filed her claim on June 25, 1975. On that date the applicable statute was Section 733.211, Florida Statutes (1973), which provided that undisposed of claims against estates would be barred at the expiration of three years from the date the claim was filed. Thus, under that statute, appellant had until June 25, 1978 in which to take action on her claim.
Two days after appellant's claim was filed, Florida's new probate code became law. It was made effective January 1, 1976, some six months later. Section 733.709, reducing the period of time for the enforcement of undisposed of claims to one year, is part of that code. If Section 733.709 applied to appellant's claim, appellant had until June 25, 1976 in which to take action on her claim, a period of approximately one year after the probate code was enacted and six months after its effective date.
Appellant, however, took no action on her claim and on February 21, 1977 the personal representative of the Jelley estate filed a petition to disallow appellant's claim on the ground that it was barred by Section 733.709. The trial judge held that Section 733.709 applied to appellant's claim and entered an order granting the petition to disallow the claim. This appeal followed.
It is within the province of the legislature to shorten a statute of limitations and make it applicable to causes of action *1315 already existing. Foley v. Morris, 339 So.2d 215 (Fla. 1976). Although Section 733.709 and its predecessors are not in the category of general statutes of limitations, they do provide a time limitation for enforcement of a claim against a decedent's estate. Our analysis, therefore, is based on precedents dealing with statutes of limitations generally.
In Foley v. Morris, supra, our supreme court established a two-part rule for determining the retroactive applicability of a statute shortening a limitations period. Such a statute has retroactive application if the legislative intent to provide retroactive effect is express, clear, and manifest, and if a reasonable time is allowed by the statute within which to file suit on causes of action existing on the effective date of the statute. Though expressing separate criteria, the two parts of this rule obviously are related. If a statute providing a shortened limitations period contains an express provision granting a period of time for the taking of action on existing causes of action, that provision in and of itself ordinarily would express a clear legislative intent that the shortened limitations period is to be applied retroactively. In this case, we are confronted with the absence of such an express provision in Section 733.709 itself.
Nevertheless, it has been argued that an express, clear and manifest intent can be found in the following provision, Section 731.011, of the new probate code:
731.011. Determination of substantive rights; procedures.  The Florida Probate Code shall become effective on January 1, 1976. The substantive rights of all persons that have vested prior to January 1, 1976 shall be determined as provided in former chapters 731-737 and chapters 744-746 as they exist prior to January 1, 1976. The procedures for the enforcement of substantive rights that have vested before January 1, 1976 shall be as provided in this code.
The new Florida probate code, as did its predecessors, contains a number of time limitations for the taking of various actions in the administration of an estate.[1] While such provisions establish time limitations, it has been recognized that they are in the nature of procedures for the orderly and efficient administration of an estate. In re Woods Estate, 133 Fla. 730, 188 So. 10 (1938); In re Brown's Estate, 117 So.2d 478 (Fla. 1960). Thus the argument is advanced that the shortened time limitation provided in Section 733.709 is part of "the procedures for the enforcement of substantive rights" which, according to Section 731.011, are to be as provided in the new probate code. There is, frankly, a disagreement among us as to whether Section 731.011 expresses a clear and manifest intention on the part of the legislature that Section 733.709 is to have retroactive effect; that is, is to be applied to claims filed before its effective date of January 1, 1976.
We find it unnecessary, however, to resolve that issue. Instead, we hold that, even though the legislature may have intended retroactive effect in the application of Section 733.709, it failed to provide a reasonable time for action on claims previously filed. Thus the second requirement of the Foley rule has not been met.
Certainly, claims already on file for a year when Section 733.709 took effect are given no time at all under that section. This court has refused to give retroactive effect to a shortened statute of limitations when to do so would bar a cause of action existing on the effective date of the statute. Maltempo v. Cuthbert, 288 So.2d 517 (Fla. 2d DCA 1974). Such a result, in fact, would be unconstitutional. Sohn v. Waterson, 17 Wall (U.S.) 596, 21 L.Ed. 737 (1873).
But can Section 733.709 be given retroactive effect with respect to a claim on file less than a year on the statute's effective date, as in this case? Measuring a year from the date on which appellant filed her *1316 claim, she had approximately six months following the effective date of Section 733.709 in which to take action on her claim. Six months is a reasonable time. In re Brown's Estate, supra. Appellee forcefully argues that since appellant had a reasonable period after the effective date of Section 733.709 to take action on her claim, under the facts of this case, that section should apply.
If appellee's argument were accepted, the question whether a statute shortening a limitations period provides a reasonable time for the enforcement of existing causes of actions would be determined on a case by case basis. The Fourth District Court of Appeal has observed that such a result is not practical. DeLuca v. Mathews, 297 So.2d 854 (Fla. 4th DCA 1974). We agree. Similar arguments were considered and rejected in early decisions in other jurisdictions and we find the language in those early cases particularly expressive of the reasons why appellee's argument must fail. McKesson v. Davenport, 83 Mich. 211, 47 N.W. 100 (1890); Hathaway v. Merchants' Loan & Trust Co., 218 Ill. 580, 75 N.E. 1060 (1905). As stated by the court in the McKesson case, it is for the legislature to provide a general rule applicable to all cases falling within a class, and not for the judiciary to declare what is or should be a reasonable time varying with the circumstances of each case as it arises.
We attach no significance to the fact that Section 733.709 became a law, as part of the new probate code, some six months prior to its effective date. Although it could be argued that the law thus gave at least six months to all persons having claims already on file in which to take action on those claims, we have previously rejected the notion that in delaying the effective date of a statute shortening a limitations period, the legislature did so for the purpose of protecting persons with existing causes of action, thereby manifesting an intent that the statute should be applied retroactively. Maltempo v. Cuthbert, supra. As pointed out by us in the Maltempo case, and by the Fourth District Court of Appeal in DeLuca v. Mathews, supra, there can be many reasons why the legislature postpones the effective date of a statute and it cannot reasonably be concluded that the legislative purpose was to give retroactive effect to a new limitations statute.
We, therefore, hold that Section 733.709 is not applicable to appellant's claim. Appellant had a period of three years from the date her claim was filed or until June 25, 1978 in which to take action on her claim, pursuant to the provisions of former Section 733.211. Thus the order of the trial judge disallowing appellant's claim was in error and is reversed.
Reversed.
GRIMES, C.J., and HOBSON, J., concur.
NOTES
[1] See, for example, Section 732.212 (time for filing surviving spouse's election of elective share); Section 733.702 (period within which claims must be filed); Section 732.801 (time for filing a disclaimer); and Section 733.212 (time for objecting to probate if served with notice). The new probate code shortened all of these time periods.