SCHEB, Judge.
The trial court entered final judgment disallowing with prejudice a claim filed by Katherine A. Stevens against the Estate of Clifford M. Jelley. We reverse.
Clifford M. Jelley died testate. His will was admitted to probate and a personal representative appointed. Stevens timely filed a claim against Jelley’s estate on June 25, 1975, based on a judgment she had obtained against him in 1973. The personal representative petitioned for disallowance *907 of the claim on February 21,1977, contending that it was barred because Stevens had not sought to enforce it within one year from the time it was filed. Stevens moved to strike the petition for disallowance. The court granted the personal representative’s petition on the authority of Section 733.709, Florida Statutes (1977) which, as amended January 1, 1976, provides that:
When a person has filed a claim against an estate and the claim has not been paid, settled, or otherwise disposed of and no proceeding is pending for the enforcement or compulsory payment of it at the expiration of 1 year from the date the claim was filed, the claim shall be forever barred.
Until January 1, 1976, Section 733.211 and its replacement, Section 733.709, had provided a three-year period within which to move to compel payment of a claim. § 733.211, Fla.Stat. (repealed 1975); § 733.-709, Fla.Stat. (1975).
On August 2, 1978, this court reversed the trial court and held that Section 733.-709, as amended, did not apply to Stevens’ claim because it was filed prior to the effective date of the amendment.. In re Estate of Jelley, 360 So.2d 1313 (Fla. 2d DCA 1978). Our mandate issued on August 21, and on August 28, 1978, Stevens moved in the trial court to compel payment of her claim. On February 23, 1979, the trial court entered final judgment denying Stevens’ motion and again disallowing her claim with prejudice pursuant to Section 733.709, Florida Statutes (1977), because she had not filed a motion on or before June 25, 1978, that is, three years from the date she filed her claim.
The personal representative argues that the appellate proceedings did not toll the time for Stevens to file her formal motion to enforce payment of the claim. Thus, the representative argues, Stevens’ motion filed on August 28 was untimely. We need not reach this issue, however. When the personal representative petitioned to disallow Stevens’ claim, Stevens moved to strike the petition. This, we conclude, constituted a proceeding to enforce payment within the meaning of Section 733.709, and made it unnecessary for her to take any further action to enforce the claim. Thus, we hold that she timely sought to compel payment within the three-year statutory period and, therefore, enforcement of her claim is not barred by the statute of limitations.
Even so, we do not agree with Stevens’ contention that our earlier opinion directed the trial court to allow her claim. Accordingly, we reverse and remand for further proceedings consistent with this opinion.
GRIMES, C. J., concurs.
HOBSON, J., dissents with opinion.