BERANEK, Judge.
This is an appeal by plaintiffs from an adverse summary judgment based on the two-year statute of limitations governing medical malpractice by a health care provider. The accident occurred on February 26,1972, when plaintiff was a patient in the defendant/hospital. Plaintiff alleged she fell and was injured in her room due to the hospital’s negligence in failing to answer her call for assistance through a nurse paging device. The plaintiff was immediately aware of her injury and her cause of action on the date of the occurrence.
Suit was filed on February 24, 1976, just short of four years from the date of the accident. Plaintiff/appellant contends the cause of action accrued on February 26, 1972, and that the claim is governed by the four-year statute of limitations in Section 95.11(4), Florida Statutes (1969). Defendant/appellee relies upon Section 95.11(6), Florida Statutes (1971), the medical malpractice two-year statute of limitations arguing the trial court was correct in holding the suit barred. We reverse.
Before July 1, 1972, medical malpractice resulting in injury was not distinguished under the statute of limitations from any other negligence. Prior to that date, Section 95.11(4), Florida Statutes (1969), provided:
Actions other than those for the recovery of real property can only be commenced as follows:
******
(4) WITHIN FOUR YEARS — Any action for relief not specifically provided for in this chapter.
All negligence actions were considered within this general four-year statute of limitations.
A change occurred in the 1971 legislative session with the passage of Laws of Florida 71-254. Section 95.11(6) was amended as follows:
(6) WITHIN TWO YEARS — An action by another than the state upon a statute for a penalty or forfeiture; an action for libel, slander, assault, battery or false imprisonment; an action arising upon account of an act causing a wrongful death; an action to recover damages for injuries to the person arising from any medical, dental, optometric, podiatric or chiropractic treatment or surgical operation, the .cause of action in such case not to be deemed to have accrued until the plaintiff discovers, or through use of reasonable care should have discovered, the injury.
This amendment appears as Section 95.-11(6), Florida Statutes (1971), and took effect on July 1, 1972. This amendment removed actions for injuries from medical treatment from the prior four-year limitation and placed them under a two-year statute. No expression of legislative intent as to retroactive application was stated.
The next substantive amendment occurred in 1974. Laws of Florida 74-382, effective January 1, 1975, was adopted and appeared as Section 95.11(4)(a), Florida Statutes (Supp.1974). It accomplished a substantial rewording of the general statute of limitations. It provided in part:
(4) WITHIN TWO YEARS.—
(a) An action for professional malpractice, whether founded on contract or tort; provided that the period of limitations shall run from the time the cause of *724 action is discovered or should have been discovered' with the exercise of due diligence; provided, however, that the limitation of actions herein for professional malpractice shall be limited to persons in privity with the professional.
A saving clause was also provided in Section 95.022, Florida Statutes (Supp.1974) as follows:
95.022 Effective date; saving clause. —This act shall become effective on January 1, 1975, but any action that will be barred when this act becomes effective and that would not have been barred under prior law may be commenced before January 1, 1976, and if it is not commenced by that date, the action shall be barred.
The statute enacted by Laws of Florida 74-382, effective January 1, 1975, was in existence for only four months and twenty days when the 1975 Legislature enacted 75-9, effective May 20, 1975, which again substantially revised limitation periods applicable to medical malpractice. In accordance with this amendment, Section 95.-ll(4)(b) provided:
95.11 Limitations other than for the recovery of real property — Actions other than for recovery of real property shall be commenced as follows:
# # # * * *
(4) WITHIN TWO YEARS
* # # * * *
(b) An action for medical malpractice shall be commenced within two years from the time the incident occurred giving rise to the action, or within two years from the time the incident is discovered, or should have been discovered with the exercise of due diligence, provided, however, that in no event shall the action be commenced later than four years from the date of the incident or occurrence out of which the cause of action accrued. An action for medical malpractice is defined as a claim in tort or in contract for damages because of the death, injury, or monetary loss to any person arising out of any medical, dental, or surgical diagnosis, treatment, or care by any provider of health care. The limitation of actions within this subsection shall be limited to the health care provider and persons in privity with the provider of health care. In those actions covered by this paragraph where it can be shown that fraud, concealment, or intentional misrepresentation of fact prevented the discovery of the injury within the four-year period, the period of limitations is extended forward two years from the time that the injury is discovered or should have been discovered with the exercise of due diligence, but in no event to exceed seven years from the date the incident giving rise to the injury occurred.
The 1975 amendment, like all amendments other than those enacted in 1974, contained no expression regarding prospective or retrospective application. The 1975 amendment was the first statute which ever defined medical malpractice and which expressly included actions against a “health care provider.”
The trial court found plaintiffs’ cause of action barred by the two-year limitation and the question is simply when did the two-year statute become effective as to suits for negligence against hospitals in their capacity as a health care provider. We start with the basic proposition that a shortening of any statute of limitations will be given retroactive application only upon the showing of clear intent by the Legislature. Foley v. Morris, 339 So.2d 215 (Fla. 1976); DeLuca v. Mathews, 297 So.2d 854 (Fla. 4th DCA 1974); and Maltempo v. Cuthbert, 288 So.2d 517 (Fla. 2d DCA 1974).
Clearly, there has been no expression of an intention to apply the two-year statute of limitation retroactively except for the saving clause in Section 95.022, Florida Statutes (1974), which has been asserted as an expression of such intent. The effect of the clause in medical malpractice cases has been considered by this court in Nash v. Asher, 342 So.2d 1038 (Fla. 4th DCA 1977), and Brooks v. Cerrato, 355 So.2d 119 (Fla. 4th DCA 1978). These cases reach inconsistent results and we hereby recede from *725 the holding in Nash and adopt the holding in Brooks.
Nash held 95.022 to be an effective expression of legislative intent to apply 95.-11(4), Florida Statutes (1975), retroactively to medical cases. Brooks, on the other hand, held Section 95.022 did not show intent to apply 95.11(4), Florida Statutes (Supp.1974), retroactively to medical malpractice cases. (Although Nash referred to Statutes 1975 and Brooks to Statutes (Supplement 1974), they both considered essentially the same statute.) Brooks reasoned that the saving clause did not show retroactive intent because the limitation for medical malpractice was not shortened in the amendment containing the saving clause; the limit had been previously shortened to two years in 1971. Thus, Brooks concluded the cause of action was not an action barred by this act (the 74-382 act) which had not been barred by prior law as provided in the saving clause 95.022. We find Brooks to be the better reasoned construction of the statute. Also see, Nelson v. Winter Park Memorial Hospital Ass’n, 350 So.2d 91 (Fla. 4th DCA 1977).
Since, in accordance with Brooks v. Cerrato, supra, we find the saving clause (Section 95.022) not to express a clear or manifest legislative intent to apply Section 95.11(4), (Supp.1974), retroactively, the statute did not apply to plaintiff’s cause of action which accrued prior to its effective date. Here the cause of action accrued on February 26,1972, and the four-year limitation period in effect at that time was controlling. Furthermore, we are persuaded by the fact that “health care providers” were specifically included within the medical malpractice statute of limitations effective May 20, 1975.
We conclude that the trial court erred in holding this claim to be barred by the two-year limitation period but in deference to the trial judge, we recognize he did not have the benefit of our present ruling regarding the Nash case. We believe the principle is well stated in Foley v. Morris, 339 So.2d 215 (Fla.1976), where the Supreme Court quoted from Maltempo. v. Cuthbert, 288 So.2d 517 (Fla. 2d DCA 1974), as follows: “Our conclusion is that where there is reasonable doubt concerning legislative intention to provide for retroactive application of a shortened limitation period, the benefit of this doubt should be given to the person with the existing cause of action.” We reverse the summary judgment and remand for further proceedings.
REVERSED AND REMANDED.
SMITH, CHARLES E., Associate Judge, concurs.
CROSS, SPENCER C., Associate Judge, dissents without opinion.