CITY OF HOLLYWOOD, O. W. COLLINS, INC., and ORVILLE W. COLLINS v. JOHN H. BAIR.

178 So. 850.
Opinion Filed July 31, 1937.
Supplemental Opinion Filed November 19, 1937

*Botts & Field* and *C. H. Landefeld,* Jr., for Plaintiffs in Error;

*E. R. Heimburger, George W. English, Jr.,* and *McCune, Hiaasen & Fleming,* for Defendant in Error.

BUFORD, J.—This case was before us on petition for rehearing granted for the purpose of considering two motions filed in this Court by the defendant in error. The first motion referred to was filed on July 25, 1936, and was to affirm the cause or quash or dismiss the writ of error, because the brief of the plaintiff in error, City of Hollywood, did not comply with Rule 20 as amended.

The other motion was filed August 6th, 1936, and moved to strike the brief of O. W. Collins, Inc., a Florida corporation, and Orville W. Collins and to affirm the judgment or dismiss the writ of error because the brief of the plaintiff in error failed to comply with Rule 20 as amended, and because O. W. Collins, Inc., a Florida Corporation, had not

paid the capital stock tax or made the required corporate returns for the years 1932, 1933, 1934, 1935 and 1936, and was, therefore, under the provisions of the statute (C. G. L. Permanent Supplement, Vol. 5, Sec. 5977, Sub-sections 1 and 5) prohibited from maintaining any action in any court.

The motion of July 25th, 1936, was not granted because it appeared to us that the brief filed by attorneys for the plaintiff in error, City of Hollywood, though not being in entire conformity with Rule 20 as amended, constituted a substantial compliance with the Rule and was so prepared as to present the issues and be helpful to the Court.

Part "b" of the motion of August 6th, which part attacked the sufficiency of the brief of O. W. Collins, Inc., and Orville W. Collins, was not granted for like reasons as those above stated. Part "a" of the motion which was to dismiss the cause because O. W. Collins, Inc., a Florida corporation, had not paid the capital stock tax, nor made the required corporate return for the years mentioned, was not granted because the record shows that the defendant in error, Bair, sued the City of Hollywood, a municipal corporation of Florida, O. W. Collins, Inc., a Florida corporation, and Orville W. Collins, defendants in the Circuit Court of Broward County, Florida, in a tort action for damages alleged to have been suffered by the plaintiff.

It, therefore, appeared that the plaintiff, the defendant in error here, was the moving party in the court below and made the corporation, O. W. Collins, Inc., a party defendant.

The question of the alleged forfeiture of the right of the corporation to maintain suit was not presented in the court below.

It appears to be the contention of the defendant in error that he had the right to sue the corporation in the court be-

low and recover a judgment against it, but that the corporation could not sue out and prosecute a writ of error in the Supreme Court to a judgment obtained by him as plaintiff in the court below. We hold that this contention is not tenable because a defendant against whom a judgment is rendered in the Circuit Court is entitled to have such judgment reviewed on writ of error. The plaintiff in the court below will be held to be estopped from maintaining in the Appellate Court that a defendant in the court below is precluded from prosecuting a writ of error to the plaintiff's judgment because of infirmities of the defendant in the court below, not amounting to a dissolution of the corporation, which are shown to have existed at the time the plaintiff sued defendant in the court below.

Whether or not a corporation which has defaulted in the payment of its tax under the statutes above referred to and which has failed to make its reports as therein required *after judgment against it has been entered* in the court below *and before* it presents its writ of error or appeal in the Supreme Court may be urged in bar of the right of such corporation to prosecute its writ of error or appeal here, is not involved in this case and is not determined by this opinion and judgment. In this case we simply hold that where a plaintiff in the court below brings into court as a defendant a corporation which has by such failure as is above referred to forfeited its right to maintain an action in any court in this State that plaintiff is estopped to contest the right of such corporation on that ground to prosecute its appeal or writ of error.

For the reasons stated, both motions hereinbefore mentioned are denied.

The petition for rehearing, however, presents another matter which commands our consideration. It is shown by the certificate of the Secretary of State of the State of Flor-

ida that the corporation, O. W. Collins, Inc., was dissolved under the provisions of Chapter 14677, Acts of 1931, as amended by Chapter 15726, Acts of 1931, by proclamation of the Governor issued on the 23rd day of November, 1936, under authority of the provisions of Chapter 16880, Acts of 1935. It, therefore, follows that this action is abated as to that corporation. The rule is well settled that all actions pending against a corporation are abated by its dissolution (see Selma First Nat. Bank v. Colby, 21 Wall. 609, 22 [L. Ed.] 687; Pendleton v. Russell, 144 U. S. 640, 12 S. Ct. 743, 36 [L. Ed.] 574; Marion Phosphate Co. v. Perry, 74 Fed. 425, 41 U. S. App. 14, 20 C. C. A. 490, 33 L. R. A. 252; Nelson v. Hubbard, 96 Ala. 238, 11 So. 428, 17 L. R. A. 375; Venable v. Southern Granite Co., 135 Ga. 508, 69 S. E. 822, 32 L. R. A. [N. S.] 446; Rider v. Nelson, etc., Union Factory, 7 Leigh. [Va.] 154, 30 Am. Dec. 495. Notes: 40 Am. Dec. 738; 33 L. R. A. 579; 69 L. R. A. 138;) and also are pending appeals by such corporation (Rider v. Nelson, etc., Union Factory, 7 Leigh. [Va.] 154, 30 Am. Dec. 495.) See also note 32 L. R. A. (N. S.) 450; Pendleton v. Russell, 144 U. S. 640, 36 L. Ed. 574.

It has also been held that a corporation itself has no standing in a court to procure relief from a judgment or decree rendered against it after dissolution. See note 15 L. R. A. 628.

So it is that we now hold that the writ of error is abated as to O. W. Collins, Inc., and the cause henceforth will proceed in the name of City of Hollywood, a municipal corporation of Florida, and Orville W. Collins.

It is so ordered.

TERRELL, BROWN and CHAPMAN, J. J., concur.

## Supplemental Opinion.

Per Curiam.—In our opinion filed herein on July 31st, 1937, reported in Southern Advance Sheets of September 9th, 1937, page 804, we said:

"The petition for rehearing, however, presents another matter which commands our consideration. It is shown by the certificate of the Secretary of State of the State of Florida that the corporation, O. W. Collins, Inc., was dissolved under the provisions of Chapter 14677, Acts of 1931, as amended by Chapter 15726, Acts of 1931, by proclamation of the Governor issued on the 23rd day of November, 1936, under authority of the provisions of Chapter 16880, Acts of 1935. It, therefore, follows that this action is abated as to that corporation. The rule is well settled that all actions pending against a corporation are abated by its dissolution."

And we cited numerous authorities in support of this enunciation.

We then said:

"It has also been held that a corporation itself has no standing in a court to procure relief from a judgment or decree rendered against it after dissolution. See note 15 L. R. A. 628.

"So it is that we now hold that the writ of error is abated as to O. W. Collins, Inc., and the cause henceforth will proceed in the name of City of Hollywood, a municipal corporation of Florida, and Orville W. Collins."

In reaching the conclusion, however, we overlooked the provisions of Section 7 of Chapter 16880, Acts of 1935, which is as follows:

"Any judgment previously secured against any such corporation shall remain in full force and effect against any assets of the corporation and any suit in progress may be

continued without being affected by the dissolution of the defendant corporation."

This provision of the statute supersedes the rule of law which we stated and which would apply in its absence.

It, therefore, follows that the above quoted part of our opinion and judgment of July 31, 1937, must be vacated, cancelled and annulled and the motion to enter an order abating the suit as to the corporation, O. W. Collins, Inc., be denied.

So ordered.

WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.