PEARSON, TILLMAN, Chief Judge.
This is an interlocutory appeal from a summary decree, interlocutory in character, on the issue of liability alone.[1] The appellant Caballero, Herdegen & Knight, Inc., was one of two defendants. The other defendant, A. F. Shaw and Company, Inc., has not joined in the appeal and therefore *125 appears as an appellee.[2] The plaintiff, Major E. Threlkeld, trading as Tortuga Marine Salvage Co., was the owner of a motor vessel which was lost.
*124 “The judgment or decree sought shall be rendered forthwith if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law. A summary judgment or decree, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.”
*125 Threlkeld’s complaint was for a declaratory decree and additional relief. It sought (1) a declaration as to whether there was insurance covering his vessel on the day of the accident, (2) a declaration as to which of the defendants was liable to him, in the event the court should find that no insurance was in force, and (3) a money judgment against the defendant or defendants liable, in the same eventuality.[3]
The facts as they appear from the admissions of the defendants are not complicated, but because of the nature of the claimed genuine issue of material fact, they must be set out in part in the language of the parties. The defendant-appellant, Caballero, admits the following: (1) Prior to the Spring of 1959, it placed certain insurance on the vessel for total loss hull coverage; (2) In May 1959, it was requested to insure the same vessel for total loss hull coverage; (3) It corresponded with defendant Shaw concerning the placing of totak loss hull coverage on said vessel; (4) On August 11, 1959, defendant Caballero received the following letter from defendant Shaw:
“We have just received a cable from the Underwriters advising us that in view of the change of the operation of the above vessel the lead underwriter is now asking 10% Hull which we understand is valued at $35,000. with total loss salvage only Nicaraguan Coast Waters.
“We have been asked to confirm that we have a firm order if they are unable to improve on the above quotation.
“We would therefore appreciate your immediate advises in view of the above information.”
(5) On August 13, 1959, defendant Caballero wrote defendant Shaw the following letter:
“We have advised the insured and are awaiting his response to our quotation.
“As soon as a firm order is received, we will advise you accordingly.”
(6) On August 17, 1959, defendant Caballero wrote defendant Shaw the following letter:
“In connection with your letter of recent date regarding the desired coverages on the above captioned HARRY STULL please be advised that the assured wishes to have this coverage of Total Loss Only effective immediately. This coverage should be added to the present policy to expire on the date of October 25, 1959.
“We have collected a deposit premium towards this endorsement and would appreciate your advising us just what the amount of additional premiums will be for this period.
“Also I would assume that the same rate would apply on the renewal of October 25, 1959. Please let me have your earliest reply on this and the above. Thank you, I am”.
(7) During September, 1959, defendant Caballero was advised of the total loss of said vessel and notified defendant Shaw.
The defendant, Shaw, by affidavit denies that it ever received the letter set out as item “(6)” above. Appellant urges that this denial creates a triable issue.
*126 The plaintiff-appellee urges that if it were ultimately determined that the letter was sent by defendant-appellant, Caballero, and received by defendant-appellee, Shaw, there would be doubt as to the liability of Caballero. But, says the appellee, the issue is not material now because no judgment for money has been entered. He suggests that the issue as to liability between the defendants will only be material upon an appeal from the final judgment in which plaintiff is awarded a specific sum of money.
Appellee’s analysis is not borne out by the language of the summary decree, interlocutory in character, the decretal portion of which is'
“ORDERED, ADJUDGED AND DECREED that in the event the plaintiff, at Final Hearing, shall establish a total loss of the motor vessel HARRY STULL between May, 1959 and October 25, 1959, he shall be entitled to recover the sum of THIRTY-FIVE THOUSAND ($35,000) Dollars from each of the defendants, equally.”
We hold that the question of liability of the appellant involved triable issues which could not be resolved on summary judgment.
The interlocutory decree must therefore be reversed in part to provide for the trial of the issue of appellant’s liability. The trial judge has, pursuant to Rule 1.36(d), 1954 Florida Rules of Civil Procedure, designated certain “undisputed material facts”. The appellant has not successfully challenged these designations except paragraph “(d)” thereof. Paragraphs “(a)”, “(b)” and “(c)” of the decree are affirmed. Paragraph “(d)” and the decretal portion are reversed and the cause remanded for further proceedings in accordance with the holdings herein.
Affirmed in part and reversed in part.

. Rule 1.36(c), 1954 Florida Rules of Civil Procedure, 30 F.S.A. provides in part:

. See Rule 3.11(a), Florida Appellate Rules, 31 F.S.A.

. It is apparent that plaintiff has filed his complaint on the wrong side of the court. A suit for declaratory relief may be filed either in equity or at law, and that choice should depend upon the subject matter in determining whether it is cognizable in equity or at law. City of Miami v. Miami Transit Company, Fla.App.1957, 96 So.2d 799, 801. Coast Cities Coaches v. Whyte, Fla.App.1958, 102 So.2d 848, 851.