HORTON, Judge.
This case has been before the court on two prior occasions.[1] Appellant Threlkeld filed an action for declaratory decree and other relief, wherein he sought a declaration as to whether there was insurance coverage on his vessel on the day of the loss, and if there were no such insurance, then which of two defendants were liable to him. The complaint also sought a money judgment against the defendant or defendants found liable in such eventuality.
In the prior appeal [Fla.App., 142 So.2d 124] this court noted .in affirming a portion of the summary decree appealed that certain “undisputed material facts” had been re *851 solved, i. e., that the appellee Threlkeld was the owner of the motor vessel in question, and that in May, 1959, Threlkeld had paid to Caballero, Herdegen & Knight, Inc., an insurance premium for “total loss coverage” on said vessel to the extent of $35,000, for a period from May through October 25, 1959, and that notwithstanding the payment of the premium requested by Caballero, Herdegen & Knight, Inc., no insurance for “total loss” on the vessel was ever issued. The appellant concedes that the pertinent facts are still undisputed. The appeal here is from the decree rendered after final hearing.
The appellant poses two questions on appeal. They are (1) whether the trial court erred in entering judgment for the appellee Threlkeld against the appellant; and (2) whether it was error to dismiss Caballero’s cross-claim against the appellee Shaw.
The precise point around which the appellant argues for reversal is the receipt or non-receipt of a certain letter, dated August 17, 1959, authored by the appellant and directed to the appellee Shaw, in which letter the appellant advised Shaw that Threlkeld desired toral loss coverage immediately and that such coverage should be added to a policy then in effect, expiring October 25, 1959. This letter also advised that the appellant had collected a deposit premium toward this endorsement. In reversing a portion of the prior summary judgment this court said (Fla.App., 142 So.2d 124, 126) :
“The plaintiff-appellee (Threlkeld) urges that if it were ultimately determined that the letter was sent by defendant-appellant, Caballero, and received by defendant-appellee, Shaw, there would be doubt as to the liability of Caballero. * * * ”
The appellant assumes as a premise that the trial court found that the letter of August 17, 1959, was sent by Caballero and received by Shaw. From this premise, and based on the aforementioned language of the court in the prior appeal, the appellant then contends that the inescapable conclusion is that the insurance was placed, thereby eliminating Caballero’s liability. Shaw denied receipt of the letter of August 17, 1959.
Our perusal of the record here fails to sustain the appellant’s assumption that the trial court found the letter of August 17th was mailed by Caballero or received by Shaw. The trial judge characterized the appellant’s case in this regard as “short proof.” We are in complete accord with that conclusion.
As to the appellant’s second point, it should be observed here that Caballero had filed a cross-claim against the appellee Shaw in effect claiming indemnification in the event Caballero was found liable to Threlkeld. The trial judge dismissed Caballero’s cross-claim without prejudice to such rights as he might have against Shaw. We conclude that the dismissal was without error since we are unaware of any right to indemnification under the admitted circumstances existing here. See 17 Fla. Jur., Indemnity, § 3, p. 168.
Accordingly, the decree appealed is af--firmed.

. Fla.App., 128 So.2d 201; Fla.App. 142 So.2d 124.