HORTON, Judge.
We have considered the record on appeal, the briefs of the parties and the able arguments of counsel, and conclude that the trial court was eminently correct in entering the summary judgment appealed.
From a reading of the opinions of this court (see, Caballero, Herdegen & Knight v. Threlkeld, 142 So.2d 124 and 155 So.2d 850) it is clear that the litigation creating the fund now claimed by appellants was originated by Major E. Threlkeld, trading as Tortuga Marine Salvage Co., a Florida corporation. Final judgment was entered in favor of Major E. Threlkeld trading as Tortuga Marine Salvage Co., a Florida corporation. No claim that the proceeds of the original judgment belonged to anyone other than Major E. Threlkeld was made until the garnishor in the instant litigation interposed a claim. However, the *55 appellants now allege their ownership to have existed at the time Major E. Threlkeld instituted the litigation.
We do not dispute the fact that where a claimant asserts a right to garnished property it is the duty of the court to try the controversy and determine the rights of the parties, and, in Florida, such trial may be had by jury. § 77.16, Fla.Stat., F.S.A. However, this does not vitiate all other rules applicable to the determination of claims and if the facts of a particular case warrant, a summary ruling on the question of title to the garnished property is appropriate. Here we have such a case.
No reversible error having been made to appear, the judgment appealed is affirmed.
Affirmed.