ERVIN, Justice.
The question presented in this appeal is whether the District Court of Appeal, Third District, properly dismissed an appeal of a corporation against which a final judgment was recovered after the corporation had been voluntarily dissolved in 1963, on the ground a dissolved corporation has no standing to prosecute an appeal. The suit in which such judgment .was recovered was commenced prior to the dissolution.
The order of dismissal of the District Court reads as follows:
“This cause having come on for hearing on appellee’s motion to dismiss appeal and the court having considered same, together with the briefs filed, it is ordered that said motion is granted and this appeal from the Circuit Court of Dade County (No. 63L 45) be and the same is hereby dismissed. See § 608.30, Fla.Stat., F.S.A. See also City of Hollywood vs. Bair, 127 Fla. 93, 178 So. 850.” (See 179 So.2d 630)
Appellant’s appeal to us is predicated upon the ground that the District Court’s order of dismissal of the appeal initially passed upon the validity of a state *610 statute, viz., F.S. § 608.30, F.S.A., which is assigned in said order as the statutory authority for the dismissal. It is obvious from the order itself that Appellant is mistaken in asserting that the District Court passed upon the validity of the statute. However, justice in this case requires that we treat the appeal as a petition for writ of certiorari. This is so because the District Court overlooked that the case it cites in its order does not support the proposition that an appeal of the dissolved corporation must be dismissed. A cursory inspection of the cited case, City of Hollywood v. Bair, supra, reveals that the case as finally decided on rehearing held directly opposite to the conclusion of the District Court that the appeal of the dissolved corporation must be dismissed. It appears that the District Court of Appeal directed its attention to statements in the original opinion in Bair, viz. :
“[t]he rule is well settled that all actions pending against a corporation are abated by its dissolution * * * and also are pending appeals by such corporation * * * ”
and
■“ * * * [it] has also been held that a corporation itself has no standing in a court to procure relief from a judgment or decree rendered against it after 'dissolution * * * ” (emphasis supplied) 178 So., text 8S2.
Had the above pronouncements by this Court in Bair been the final disposition of the cause therein, it is conceded that Appellant herein would appear to have been properly dismissed below. Such, however, is not the case. The District Court of Appeal either overlooked or failed to examine that portion of Bair which was finally decided on rehearing. Upon rehearing in Bair this Court stated that in reaching its initial decision the dissolved corporation had no standing in the courts to procure relief from a judgment rendered against it after dissolution it had “overlooked the provisions of section 7 of chapter 16880, Acts of 1935 * * *” (Bair at 852). Section 7 of said act reads as follows :
“Any judgment previously secured against any such corporation shall remain in full force and effect against any assets of the corporation and any suit in progress may be continued without being affected by the dissolution of the defendant corporation." (Emphasis supplied.)
Thus, in Bair this Court vacated, cancelled and annulled its original order granting a motion to enter an order abating the suit as to the corporation involved.
As a consequence we hold that there is conflict between the principles announced in the Bair rehearing and the decision herein of the District Court of Appeal.
We further find that the gist of § 7 of Ch. 16880, Acts of 1935 referred to in City of Hollywood v. Bair has been brought forward in F.S. § 608.30, F.S.A., relating to dissolved corporations. Section 608.30(3) provides that suits for or against dissolved corporations do not abate but the directors of the dissolved corporation shall constitute a board of trustees with “ * * * power to prosecute and defend, as trustees of the corporation, all suits in progress at the time of dissolution * * * ” (emphasis added)
It is clear from the record of this case the board of directors of the dissolved appellant corporation were and are seeking as a board of trustees to prosecute an appeal of the corporation from a final judgment entered against it after its dissolution but which suit was in progress prior to the dissolution. This they may do pursuant to the authority of said statute. See 7 Fla.Jur., Corporations, § 369, and 13 Am.Jur., Corporations, §§ 1354 and 1368, to the effect that at common law a dissolved corporation had no standing to procure relief from a judgment rendered against it after dissolution but under statutes such as § 608.30 corporate existence is prolonged for the purpose of winding up the dissolved corporation’s affairs, including the prosecution *611 or defense of all suits necessary for closing of the affairs of the corporation.
The order dismissing the appeal is quashed with directions that the appeal be reinstated and duly adjudicated by the District Court.
ROBERTS, CALDWELL and SE-BRING (Retired), JJ., concur.
THORNAL, C. J., dissents on jurisdictional grounds.