HENDRY, Judge.
This appeal represents the latest in a long, complex series of legal proceedings which stem from the following basic facts: (a) a contract was entered into between the United States Government and “Major E. Threlkeld, trading as Tortuga Marine Salvage Company” for the completion of certain salvage work; (b) under the governing law at the time of the contract, Threlkeld, trading as Tortuga Marine Salvage Company, was required to execute a performance bond upon which Hartford Accident and Indemnity Co. was surety, this bond being given in order to guarantee the performance of Threlkeld’s obligations under the contract; (c) Threlkeld, trading as Tortuga Marine Salvage Company, did not perform his obligations to the United States in accordance with said contract, and because of such default, it became necessary for Hartford to pay out approximately $22,000.00 pursuant to the terms of the indemnity and surety bond; (d) thereafter, in an effort to recover the monies it had paid out pursuant to Threl-keld’s default, Hartford filed suit against Major E. Threlkeld, trading as Tortuga Marine Salvage Company, and recovered a default judgment in the Circuit Court of Dade County for $24,621.70.
In the meantime, Major E. Threlkeld, trading and doing business as Tortuga Marine Salvage Company, had filed a separate law suit in the Circuit Court of Dade County against Caballero, Herdegen & Knight, Inc., a Florida corporation. In that action, the plaintiff sought a declaration as to whether there was insurance covering a particular motor ship, The Harry Stull, when an accident occurred which destroyed the ship, a declaration as to which of the named defendants was liable to him, and a money judgment against such liable defendants. The first of those proceedings to reach this court was an interlocutory appeal, wherein we required the court below to conduct further proceedings as to the issue of liability. See Caballero, Herdegen & Knight, Inc. v. Threlkeld, Fla.App.1962, 142 So.2d 124.
After our remand, the questions of liability and damages were decided against the several defendants, and a plenary appeal followed to this court. Caballero, Herdegen & Knight, Inc. v. Threlkeld, Fla.App.1963, 155 So.2d 850. By that appeal, we affirmed the lower court’s decree, which imposed liability and assessed damages for the loss of the ship at $41,199.98.
Thereafter, the amount of the above judgment plus costs, was paid into the registry of the court. Hartford then filed an action of garnishment in order to collect the judgment it had won in its action against Threlkeld, trading as Tortuga Marine Salvage Company. The garnishment was successful, and Hartford satisfied its judgment, plus interest, from the funds which had been paid into the registry of the court by Caballero, Herdegen & Knight, Inc.
The instant case was initiated by the Tortuga Marine Salvage Company against Major E. Threlkeld in his individual capacity. The cause of action was for money had and received by the defendant for the use of the plaintiff. The theory underlying plaintiff’s action was that the $41,199.98 recovered by Major E. Threl-keld, trading as Tortuga Marine Salvage *342 Company, was the property of the corporation, not that of Threlkeld individually. The underlying theory continues that the obligation as to' Hartford Accident & Indemnity Company was that of Major E. Threlkeld, individually, not a corporate obligation of Tortuga Marine Salvage Company. Finally, the theory concludes, the money which was applied to satisfaction of the judgment obtained by Hartford, was rightfully owned by the corporation and therefore unlawfully used by the individual, Major E. Threlkeld.
There are numerous legal theories advanced by both parties to this appeal in order to sustain their own positions in this cause. However, the two fundamental questions which govern our decision here are as follows: (1) to whom did the insured ship The Harry Stull, for which insurance proceeds were recovered in the action against Caballero, Herdegen & Knight, Inc., belong? and (2) upon whom did the obligation to Hartford Accident & Indemnity Company, as per the performance and surety bond given to assure performance of a contract with the U. S. Government, fall ?
As to the ownership of the ship, the record amply sustains the appellee’s position that The Harry Stull was the property of the corporation. Moreover, the insurance contract which was the subject of the earlier appeals, 142 So.2d 124, and 155 So.2d 850, was paid for by Tortuga Marine Salvage Company. The Harry Stull also was purchased by Tortuga Marine Salvage Company. However, some clarification is needed as to a certain statement which appears in Caballero, Herdegen & Knight, Inc. v. Threlkeld, supra, at page 850-851. In that opinion, Judge Horton said:
“In the prior appeal [Fla.App. 142 So. 2d 124] this court noted in affirming a portion of the summary decree appealed that certain ‘undisputed material facts’ had been resolved, i. e., that the appellee Threlkeld was the owner of the vessel in question, * * * ”
It is the appellant’s contention that the above statement conclusively demonstrates that the motor vessel, The Harry Stull, was owned individually by Major E. Threlkeld. This is not the case. The reference above to “appellee Threlkeld” obviously referred to an abbreviated notation of the appellee’s entire stlye, i. e., “Major E. Threlkeld, trading as Tortuga Marine Salvage Company, a Florida corporation”. Moreover, the record indicates a certain affidavit filed by Major E. Threl-keld in which he urged this court to correct its opinion and designate the ship as corporate property rather than his own individual property. When this affidavit was called to the attention of the trial court below, the following colloquy ensued:
“THE COURT: I will allow it. I read an affidavit, to be frank, where where you said that this ship never belonged to you, that you had no ownership interest, and that it belonged to Tortuga Marine Company, and that you pleaded in the Appellate Court and a lower court to take note of that.
“THE WITNESS: [Major E. Threl-keld] Yes, sir.
“Q. Can you explain the reason for filing that affidavit?
“A. As the Judge said, the vessel was purchased by Tortuga Marine Salvage Company, which was owned jointly by myself and Schuessler. The insurance was paid for by Tortuga Marine Salvage Company
sfs jfc jH ^ 4s >fc
“Q. What was the basis for the affidavit ?
“A. The affidavit — the money did not belong to me, as far as I was concerned. The money belonged to the corporation, and this was a joint effort between Mr. Schuess-ler’s attorney, my attorney and Sib-ley to go back into court and justify the matter.
*343 “THE COURT: I commend you for that; however, the issue, if there is an issue, is very simple. The funds came in payment for the loss of the ship. That we all admit. Funds came from that suit against the insurance agent; is that right?
“THE WITNESS: That is correct.
“THE COURT: Thereafter, individual creditors of yourself, taking advantage of, possibly in good faith, they collected what you should have paid personally from the funds that came from the insurance.
“THE WITNESS: Yes.
“THE COURT: Then you did the right thing, filed an affidavit, and said to the Appellate Court, and to the Circuit Court, that they were making an error, and although it may have looked like yours, the ship belonged to the corporation, and therefore they should not have used money that belonged to the corporation to pay a personal debt; is that correct?
“THE WITNESS: Correct.
“THE COURT: Despite that, however, moneys belonging to the corporation were used to pay your personal debt, namely, the garnishment that Hartford Indemnity had a claim. They never had one against the marine company, did they?
“THE WITNESS: No, sir.
“THE COURT: Therefore, moneys were taken, and that belonged to the Florida corporation called Tortuga Marine Company, and were used to pay an indebtedness of yours; is that correct ?
“THE WITNESS: Yes.”
Focusing our attention on the second issue, i. e., the obligation to Hartford Accident & Indemnity Company, that issue is readily resolved by the pleadings in the case. Threlkeld’s answer to the plaintiff’s amended complaint “ * * * further admits that he signed the bond and that the bond was not a corporate obligation.” Thus, the entire record on appeal adequately demonstrates the validity of the plaintiff’s theory for recovery in this case.
The appellant has posed several collateral issues designed to off-set the judgment of the trial court. The first of these contends that Tortuga Marine Salvage Company is forbidden by statute to bring a law suit by virtue of the fact that said corporation was dissolved on June 28, 1965, for failure to file its annual report and failure to pay its corporation capital stock tax. See § 608.35, Fla.Stat. F.S.A. However, the appellant fails to recognize the effect of § 608.30(3) Fla.Stat. F.S.A., which was the authority for the trial judge to substitute the surviving trustees of the corporation to prosecute causes of action that accrued to the corporation during its period of viability. This action was proper. Ainsley Realty Company v. Kramer, Fla.1966, 189 So.2d 609. See also Gould v. Brick (5th CA 1966) 358 F.2d 437.
Finally, the appellant has questioned the correctness of the trial court in denying his petition for rehearing. That petition alleged certain facts upon which the appellant contended that the court had erroneously appointed one of the individuals as a surviving trustee of the corporation. However, this determination by the lower court is accorded a presumption of correctness on appeal based on the trial judge’s intimacy with the particular facts and circumstances surrounding the relationship of the parties and the corporate entity. Eg. Weiss v. Stone, Fla.App.1969, 220 So.2d 403, 406. Thus, the burden is upon the appellant to show that such determination was clearly erroneous. Alvarez v. Dumont, Fla.App.1965, 178 So.2d 352. No such showing having been made, *344 we must affirm the action of the court below as to the appointment of the surviving trustees of the corporation.
For the reasons stated the judgment appealed is affirmed.
Affirmed.