PER CURIAM.
Appellant, Jim Huckabee, was the defendant in the court below; appellee, PIC Investigations Corporation the plaintiff; and appellee, Kennedy-Beasley, Inc., garnishee after judgment.
Following judgment a writ of garnishment against the garnishee was filed to satisfy the judgment. Garnishee, Kennedy-Beasley, Inc., responded by answer that it was a real estate broker holding in escrow a $3,900 deposit growing out of a sale of real estate belonging to both Mr. and Mrs. Huckabee. Based on this answer, plaintiff moved for judgment against garnishee. Subsequently a hearing was held and trial court entered final judgment against garnishee. Mrs. Beverly Huckabee was not a party in either of the above proceedings. Appellant now seeks review of the final judgment allowing garnishment by the judgment creditor.
The answer filed by garnishee raised a sufficient question of an interest by Mrs. Beverly Huckabee in the escrowed funds and before a final judgment authorizing the judgment creditor to reach the funds held by the garnishee is entered, the interests of Mrs. Huckabee in the funds should be conclusively determined and the applicable law applied thereto. Tortuga Marine Salvage Co. v. Hartford Accident and Indemnity Co., Fla.App.196S, 171 So.2d 54. Therefore, the cause is remanded to the trial court with directions for further proceedings consistent with the view herein-above set forth.
It is so ordered.