369 So.2d 935 (1979)
William H. CARPENTER, Defendant/Appellant,
v.
FLORIDA CENTRAL CREDIT UNION, a Florida Corporation, Plaintiff/Appellee.
No. 53509.
Supreme Court of Florida.
February 22, 1979.
Rehearing Denied May 10, 1979.
*936 William E. Davis of Bond & Woitesek, Miami, for defendant/appellant.
Barry J. Clyman of Frishman & Clyman, Coral Gables, for plaintiff/appellee.
ADKINS, Justice.
This is an appeal from a final judgment entered by the Dade County Court which held Sections 95.022 and 95.11(2)(b), Florida Statutes (1975), unconstitutional as applied to promissory notes under seal. We have jurisdiction pursuant to Art. V, Section 3(b)(1), Fla. Const.
The parties will be referred to as they appeared in the trial court; Appellant as Defendant, and Appellee as Plaintiff.
On March 1, 1968, Defendant executed a promissory note under seal and payable in thirty installments to the Plaintiff, Florida Central Credit Union (Credit Union). The Defendant defaulted on the payment due June 26, 1969, and on each installment due thereafter. At the time of the execution, delivery, and default, the limitations period for instruments under seal was 20 years. Section 95.11(1), Florida Statutes (1969). Effective January 1, 1975, the legislature reduced the time for bringing suit to 5 years by deleting all references to sealed instruments. Section 95.11(2)(b), Florida Statutes (1975).
On April 28, 1977, the Credit Union filed suit on the note. The Defendant moved to dismiss the action as barred by Sections 95.11(2)(b) and 95.022, Florida Statutes (1975). The motion was denied and final judgment entered for the Credit Union. The trial court held Sections 95.11(2)(b) and 95.022, Florida Statutes (1975), unconstitutional insofar as they operated to violate the prohibitions against impairing contractual obligations. U.S.Const. art. I; Art. I, Section 10, Fla. Const. In holding the statute unconstitutional, both the trial court and the Plaintiff acknowledged the legislature's general power to alter or amend statutes of limitation. The trial court, however, found the seal was a part of the bargain and an element of the contract and therefore created a substantive right. Similarly, the Plaintiff argues here that the presence of a seal on this instrument is comparable to an express contractual provision concerning a specific limitations period.
We disagree. The common law significance accorded sealed instruments was long ago abrogated by statute in Florida. Ch. 4524, § 6, Laws of Florida (1897). See Cracowaner v. Carlton National Bank, 98 Fla. 792, 124 So. 275 (Fla. 1929). Indeed, by the time this action arose, the only distinction between a sealed instrument and one not under seal related to the applicable limitations period. Wester v. Rigdon, 110 So.2d 470 (Fla. 1st DCA 1959). With all other ramifications abolished, the only legal effect of a seal on this note is to invoke the statutory limitations period. The parties sub judice did not specifically contract for a time beyond the statute and we do not reach the question of their ability to do so. We hold that the presence of a seal on the promissory note did not create a substantive right in a 20-year limitations period, but merely designated the applicable statute of limitations, i.e. that affecting sealed instruments.
The applicable limitations period when this action arose in 1969 was 20 years. Section 95.11(1), Florida Statutes (1969). This changed in 1975 when the applicable period became 5 years. Ch. 74-382, § 7, Laws of *937 Florida. Thus, Plaintiff's suit filed in 1977 would be valid under prior law but barred under the new statute. Defendant contends the new statute is retroactive and may constitutionally be applied to bar the instant suit. Plaintiff argues there is no clear legislative expression of retroactive intent and that the shortened period of limitation is unreasonable in light of the mode of amendment, i.e., deletion of all reference to sealed instruments and the longer period.
The legislature unquestionably has the power to shorten statutes of limitation, which are part of the remedial law of the state. Mahood v. Bessemer Properties, Inc., 154 Fla. 710, 18 So.2d 775 (Fla. 1944). Such statutes may be retroactive so long as a reasonable time to file suit is provided those with existing causes of action. Foley v. Morris, 339 So.2d 215 (Fla. 1976). The exercise of this authority must be accompanied by a clear, manifest indication of retroactivity. Walker & La Berge, Inc. v. Halligan, 344 So.2d 239 (Fla. 1977). We have no difficulty finding such an expression in the instant legislation. Concurrently with the amendment reducing the limitations period for sealed instruments the legislature enacted a "savings clause." Ch. 74-382, § 36, Laws of Florida. This allowed those with existing actions barred by the amendment a year from the effective date to file suit and preserve their rights. Section 95.022, Florida Statutes (1975). The very nature of a savings clause imparts retroactivity upon the statutes within its ambit. Nash v. Asher, 342 So.2d 1038, 1039 (Fla. 4th DCA 1977) ("[Section 95.022] clearly demonstrates the legislative intent to make [Section 95.11(4)(a)] retroactive, since it is a saving clause ...") (emphasis supplied); see Brooks v. Cerrato, 355 So.2d 119, 120 (Fla. 4th DCA 1978) ("[T]he grace period allowed [in § 95.022] clearly pertains to causes of action which were shortened by the amended statute.") The legislature's very authority to enact statutes retroactively reducing limitations periods is conditioned upon such provisions. Foley v. Morris, supra. The trial court opined Section 95.022, Florida Statutes (1975), affected only general malpractice actions. This is contrary to the plain meaning of the language of the statute which refers to "any action ... barred by this act."
Plaintiff urges this language is insufficient to refer to the amendment in Ch. 74-382, § 7, Laws of Florida, which Plaintiff argues was vague and ambiguous. We disagree. The prior law stated:
"Actions other than those for the recovery of real property can only be commenced as follows:
(1) WITHIN TWENTY YEARS.  An action upon a judgment or decree of a court of record in the state, and an action upon any contract, obligation, or liability founded upon an instrument of writing under seal."
§ 95.11, Fla. Stat. (1973).
The disputed amendment deleted all references to seals in the 20-year period:
"Actions other than for recovery of real property shall be commenced as follows:
(1) WITHIN TWENTY YEARS.  An action on a judgment or decree of a court of record in this state.
(2) WITHIN FIVE YEARS.  (b) A legal or equitable action on a contract, obligation, or liability founded on a written instrument."
Ch. 74-382, § 7, Laws of Fla.
There is no doubt the final blow had been struck, and the seal had lost all legal significance, certainly insofar as the statute of limitations was concerned. In light of the clear effect of this amendment, we hold the year provided in Section 95.022, Florida Statutes (1975), to be a reasonable time to allow retroactive application within constitutional parameters.
In fine, there was no contractual obligation created by the presence of a seal on the promissory note. It may be assumed the parties contracted with knowledge of the legislature's authority to alter or amend the time to pursue legal remedies invoked by the seal. When the legislature exercised its power to reduce the limitations period a reasonable time was allowed for suit on *938 existing actions. Sections 95.11(2)(b) and 95.022 Florida Statutes (1975), are retrospective in nature and constitutional as applied to promissory notes under seal.
The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with these views.
It is so ordered.
ENGLAND, C.J., and BOYD, OVERTON, HATCHETT and ALDERMAN, JJ., concur.
SUNDBERG, J., concurs in result only.