378 So.2d 26 (1979)
ADVANCE MACHINE COMPANY et al., Appellants,
v.
Kenneth BERRY, a Minor, Etc., et al., Appellees.
No. 79-1347.
District Court of Appeal of Florida, Third District.
November 27, 1979.
Rehearing Denied January 8, 1980.
Wicker, Smith, Blomqvist, Davant, Tutan, O'Hara & McCoy and Richard A. Sherman, Miami, for appellants.
Peters, Pickle, Flynn, Niemoeller, Stieglitz & Hart and Cecyl L. Pickle, Herskowitz & Grossman and Jack Herskowitz, Miami, for appellees.
*27 Before HENDRY, BARKDULL and SCHWARTZ, JJ.
BARKDULL, Judge.
The question on this appeal is whether this cause should be governed by Section 607.297, Florida Statutes (1977), which provides that claims against a dissolved corporation should be commenced within three years, or governed by the statutes of Missouri, the home State of the voluntarily dissolved corporation, which provided that such causes of action expired after a two-year period.
We hold that when a foreign corporation voluntarily dissolves itself such voluntary act shall not diminish the provisions in Section 607.297, Florida Statutes (1977), calling for a three-year "winding up" period. Under the complaint, the plaintiff alleged a tort claim which would have had a normal existence of four years. See: Section 95.11(3)(e), Florida Statutes (1977). However, because the defendant corporation was dissolved, the public policy of Florida, as announced by its Legislature, was to diminish the time within which any such complaint could be brought to a period of three years. The action of the defendant corporation, in voluntarily dissolving itself in its home State, could not reduce the period below the three-year "winding up" period provided for by Florida Statutes. To do so would permit a foreign corporation, which had done business in this State, to escape the effects of its tortious conduct[1] after the expiration of only two years when the Florida law provided that liability should exist for at least three years. If the foreign corporation desired to take the benefits of doing business in Florida, then it should be subject to the same limitations as applicable to a domestic corporation upon dissolution.
Therefore, the order denying the motion to quash is affirmed.
Affirmed.
NOTES
[1] We note that Section 607.297, Florida Statutes (1977) only applies to "... any right or claim existing, or any liability incurred, prior to such dissolution... ." The act complained of in this action accrued subsequent to the date of dissolution and was, therefore, not "existing" on the date of dissolution. This point does not appear to have been presented to the trial court by any of the parties to this action.