387 So.2d 468 (1980)
Dorothy McGLYNN and James McGlynn, Appellants,
v.
Steven M. ROSEN, Richard A. Katz, Herbert Rockwell and Connie Dinkler, Appellees.
No. 79-2216.
District Court of Appeal of Florida, Third District.
August 19, 1980.
Richard W. Wasserman, Miami Beach, for appellants.
Katz & Rosen and Steven M. Rosen, Miami, for appellees.
Before SCHWARTZ and BASKIN, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
*469 BASKIN, Judge.
The trial court dismissed the McGlynns' amended complaint for damages on the ground that the suit was barred because the time for a dissolved corporation to seek redress in the courts had expired. We affirm.
The McGlynns were the sole stockholders of the 6410 Collins Avenue Corporation. On May 16, 1974, the same day the corporation was dissolved, the McGlynns, as trustees of the corporation, executed an agreement to sell the property belonging to the corporation to appellee Rockwell. In May, 1978, the McGlynns, as individuals,[1] filed suit alleging fraud and deceit by appellees in connection with the negotiation of the agreement and the sale of the corporate property, seeking damages and equitable relief.
In various motions to dismiss the cause, defendants claimed that the suit was not timely under either a general statute of limitations or the "winding up" statute which extends the life of a dissolved corporation for limited purposes. According to the trial court, the action could be brought only within three years of the date of dissolution. Since the complaint had been filed almost one year after the three-year extension of corporate existence expired, the action was barred by the operation of Section 607.297, Florida Statutes (1975).[2]
The McGlynns now appeal this judgment of dismissal claiming that the four-year statute of limitations provided by Section 95.11(3)(j), Florida Statutes (Supp. 1974), governs the time for bringing the suit rather than the three-year statute regulating the dissolution of a corporation. We find no merit in appellants' contentions. The three-year "winding up" statute extends the life of the corporate body and continues its capacity to sue. Once that period has elapsed, even if the general statute of limitations has not yet run on the claim, the corporation cannot initiate an action in court. See generally Advance Machine Co. v. Berry, 378 So.2d 26 (Fla. 3d DCA 1979).
In any event, the general statute of limitations relied upon by appellants would not alter the disposition of this cause. Section 95.11(3)(j), Florida Statutes (Supp. 1974), did not become effective until January 1, 1975. As the supreme court recently held in Dade County v. Ferro, 384 So.2d 1283 (Fla. 1980), when a cause of action arises from an occurrence which predates the effective date of a statute of limitations, that statute does not apply. Thus, the four-year statute relied upon by appellants is inapplicable. If this action were not barred by the expiration of the "winding up" period, then the general statute of limitations as codified by Section 95.11(5)(d), Florida Statutes (1973), would govern. The latter statute requires a suit based on fraud to be commenced within three years. The McGlynns' complaint is therefore untimely under both the general statute of limitations for fraud as well as under the "winding up" statute. Since the amended complaint could not again be amended to state a cause of action, dismissal with prejudice was proper.
In reviewing plaintiffs request for equitable relief, we note that the corporation has long since been dissolved and neither the corporation nor its trustees may seek relief from the courts.
For the foregoing reasons, the judgment of the trial court is affirmed.
NOTES
[1] In the judgment of dismissal, the trial court noted that only the corporation or its trustees could be the proper party plaintiff, but held that, in any event, the action would be barred by the passage of time.
[2] In passing, we note that the "winding up" statute in effect at the time the cause of action accrued was Section 608.30, Florida Statutes (1973). Since both this statute and the one referred to by the trial court provide for a three-year "winding up" period, the practical effect upon the case is the same.