HENDRY, Judge.
Stuyvesant Insurance Company, plaintiff in the trial court, appeals from summary final judgments entered in favor of appel-lees Square D. Company (Square D), and Cook, Sloan & Lowe Engineers (Cook). We reverse.
Appellant Stuyvesant issued a fire insurance policy on Ocean Pavillion, an apartment complex built in 1969. On September 22, 1973, during the policy period, a fire occurred at the Pavillion which was traced to electrical equipment in the aluminum bus ducting system. Stuyvesant paid the Pavil-lion owners $275,000 and became subrogat-ed to the owners’ rights vis-a-vis third parties. In 1976 Stuyvesant filed a complaint[1] against Square D, the manufacturer of the electrical bus ducting installed in the Pavil-lion, alleging negligence, breach of implied warranties of merchantability and fitness, and strict liability. On September 21,1977, Stuyvesant filed suit against Cook, electrical engineer for Pavillion, charging it with *1104 negligence. Appellees Square D and Cook moved for summary judgment on the basis that no genuine issues of material fact existed. In addition, appellee Cook raised the affirmative defense of the statute of limitations. The trial court entered summary final judgment for both appellees. From those judgments Stuyvesant has appealed.[2]
Two issues are presented for our determination by this appeal: (a) whether appellant’s cause of action against Cook is barred by the statute of limitations; and (b) whether genuine issues of material fact exist precluding the grant of summary judgment.
Stuyvesant’s cause of action against Cook arose on September 22, 1973, the date of the fire. On that date, the applicable statute of limitations was section 95.11(10), Florida Statutes (1973), which established a twelve-year limit from the completion date of construction of improvements to real property within which to bring suit against architects and professional engineers. Appellee Cook’s reliance upon the two-year limitation period set forth in section 95.11(4)(a); Florida Statutes (1975) is untenable since the 1975 revisions of section 95.11 are not retroactive. Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337 (Fla. 3d DCA 1979); Brooks v. Cerrato, 355 So.2d 119 (Fla. 4th DCA), cert. denied, 361 So.2d 831 (Fla.1978). A shortening of any statute of limitations is given retroactive effect only upon an express showing of clear intent by the legislature. Carpenter v. Florida Central Credit Union, 369 So.2d 935 (Fla.1979); Foley v. Morris, 339 So.2d 215 (Fla.1976); Garofalo v. Community Hospital of South Broward, 382 So.2d 722 (Fla. 4th DCA 1980). This intent is completely absent from the 1975 statutes. Furthermore, when a cause of action arises from an occurrence which predates the effective date of a statute of limitations, that statute does not apply. Dade County v. Ferro, 384 So.2d 1283 (Fla.1980); McGlynn v. Rosen, 387 So.2d 468 (Fla. 3d DCA 1980). Here, the fire predated the effective date of the 1975 statute, precluding application of that provision. Accordingly, we hold that section 95.11(10), Florida Statutes (1973), pertaining to actions against professional engineers and architects, governs appellant’s cause of action against Cook. Since the building was completed in 1969 and suit was filed in 1977, appellant’s suit against Cook is timely.
Addressing the merits of appellant’s claims against Square D and Cook, it is our opinion that summary final judgment was erroneously entered as there were genuine issues of material fact left unresolved by the trial court. Holl v. Talcott, 191 So.2d 40 (Fla.1966); Mathis v. National Laboratories, 355 So.2d 117 (Fla. 3d DCA 1978). Among the various issues which remain are whether aluminum was a proper metal for use in construction of the bus ducts; whether Square D complied with its duty to warn of the product’s limitations and maintenance requirements; and whether Cook fell below the standard of care and good engineering design by specifying aluminum ducts and the placement thereof. These issues are questions of fact, properly determinable by a jury and not by way of summary judgment.
The final summary judgments under review on appeal and cross-appeal are hereby reversed and remanded for further proceedings.
Reversed and remanded.

. The complaint also named Arkin Construction Company, general contractor for Pavillion, and Kammer & Wood, Inc., electrical contractors, as defendants. The suits against Arkin and Kammer are still pending.

. Arkin Construction Company has cross-appealed from the summary final judgments granted to Square D and Cook, and has joined in Stuyvesant’s brief.