FERGUSON, Judge.
Dade County challenges an award of attorney’s fees to the appellee law firm for services rendered to a legislatively created and abolished independent agency. We affirm the trial court’s determination that there was an entitlement to the fees.[1]
A 1972 amendment to the Home Rule Charter, approved by referendum, gave Dade County the authority to expand the City of Miami Water and Sewer Board to an agency with county-wide authority. Pursuant to that authority, Dade County’s Board of County Commissioners, by ordinance, created the Miami-Dade Water and Sewer Authority [WASA] with the authority to “sue and be sued, plead and be im-pleaded, contract and be contracted with, and have an official seal”. By the same legislation, WASA board members were given “powers, duties and responsibilities customarily vested in the board of directors of a private corporation.” Hundreds of millions of dollars in property were conveyed to WASA, from the City of Miami *615 and Dade County, to operate the water and sewer agency.
In 1975, WASA entered into a contract with the City of Miami and Dade County— called the Tri-Party Agreement — which obligated WASA to, among other things, defend and perpetuate its own existence. By the terms of the Tri-Party Agreement, the governmental successor to WASA would also succeed to WASA’s obligations and duties.[2]
In 1983 the Board of County Commissioners decided to abolish WASA as an independent board and to make it, instead, an agency of the county. To that end, the commission, on July 5, 1983, passed Ordinance 83-54 which replaced WASA’s general counsel with the county attorney effective October 1, 1983. Two days after the ordinance was passed, WASA’s board of directors met to consider the ordinance and other planned action of Dade County to terminate its existence. A question raised was whether WASA, which had been authorized by referendum, although created by ordinance, could be permanently abolished without a second referendum. On July 19, 1983, the county commission passed Ordinance 83-92 (the abolition ordinance) repealing the 1972 ordinance that created WASA, restructuring it as a county department, effective November 1, 1983. A provision of the ordinance recognized Dade County as the successor to WASA, to assume all of WASA’s rights and obligations.[3] Also on July 19, 1983, WASA’s governing board, in a special session, adopted Resolution 3167, which formally retained Floyd Pearson for legal services, and obligated itself to pay fees for legal representation in the course of defending itself against abolition of WASA by ordinance.
A flurry of litigation followed. Prior to the effective date of Ordinance 83-54, which substituted the county attorney for WASA’s independent counsel, Floyd Pearson filed a suit challenging the validity of the attorney-substitution ordinance. On September 26, 1983, Dade County filed a declaratory judgment suit against the City of Miami asking the court “to construe, determine and declare [the county’s] legal rights and power to restructure [or abolish] WASA into a County department.” On September 28, 1983, the circuit court ruled, in WASA’s suit challenging Ordinance 83-54, that WASA retained the right to select its own counsel because representation by Dade County posed a conflict of interest. Dade County did not appeal that ruling nor did it ever, in any of the subsequent litigation, challenge WASA’s right to representation by Floyd Pearson for services rendered either before or after the effective date of the abolition ordinance.
In October, 1983, the following month, the City of Miami brought a multi-count action against Dade County and WASA seeking, among other things, a determination as to the validity of Ordinance 83-92 purporting to abolish WASA. WASA filed a cross-claim seeking the same declaratory relief.
All the parties filed motions for summary judgment on the issue which were heard over two months after the ordinance became effective. A final judgment was entered for Dade County and against WASA and the City of Miami finding the ordinance valid. WASA’s appeal from the determination on that single issue was dismissed for lack of finality.[4] After a negotiated settle *616 ment of the City of Miami’s claim against Dade County, this court heard the appeal and affirmed the trial court in an opinion filed February 24, 1987, agreeing that the county had authority under the amended provision of the Home Rule Charter to abolish WASA by ordinance.[5]
Four months later, Floyd Pearson submitted its bill to Dade County for services rendered, as an obligation of WASA which Dade County had agreed to assume by terms of the Tri-Party Agreement and the Transfer of Obligations provision of the abolition ordinance. Dade County refused payment for the services rendered after the effective date of the abolition ordinance. It appeals the circuit court judgment entered for Floyd Pearson on the law firm’s claim of entitlement to fees for services provided from November 1, 1983, the effective date of the ordinance, to the date of this court’s February 24, 1987, opinion upholding the validity of the ordinance.
Two dispositive issues are presented — one substantive and the other technical in nature: (1) whether the enactment of Ordinance 83-92, repealing the 1972 ordinance which created WASA as an independent corporation, nullified the provisions of a separate contract between Dade County and WASA empowering the latter to do “all things necessary to preserve ... its existence ... until ... succeeded by a validly created successor governmental authority”; and (2) whether the failure of Dade County to appeal the September 23, 1983, circuit court declaratory judgment— which determined that WASA retained the right to select its own counsel in the action based on allegations that there was no valid abolition of, or valid successor to WASA — constituted a waiver of the right to contest the fee award to WASA’s attorneys.
By terms of the contract between the parties, WASA had an obligation to challenge the validity of the ordinance purporting to effect its abolition. On similar facts, involving a threat by a county commission to repeal an ordinance creating a civil service board, even where there was no contractual obligation to defend the board’s existence, the supreme court held:
Indeed, if repeal by the County Commission may be characterized as the ultimate violation of the Act, as we think it may, the Board would be remiss in performing its obligation to require and enforce observance of the Act if it permitted the repeal to go untested.
Davis v. Gronemeyer, 251 So.2d 1, 3 (Fla.1971). Likewise, we think WASA would have been remiss in its obligation had it not undertaken to defend its own existence with a legal challenge to the validity of the abolition ordinance commenced prior to the ordinance’s effective date.
By terms of the Transfer of Obligations provision in Ordinance 83-92, whereby Dade County agreed to “assume all of the rights, obligations, properties and duties” of WASA, Dade County became liable for WASA’s attorney’s fee obligations to Floyd Pearson under basic creditor rights principles.[6] A written expression of assumption by a successor, of its predecessor’s debts or obligations, creates a right of action against the successor by the predecessor’s creditors. Barnes v. Liebig, 146 Fla. 219, 1 So.2d 247 (1941); Baywood Furniture Mart, Inc. v. Kennedy, 295 So.2d 350 (Fla. 2d DCA 1974).
Assuming that WASA no longer existed as a corporation after November 1, 1983, it does not follow that its obligations *617 to third parties also vanished. Because WASA was created with the powers and duties of a private corporation, we look to Florida’s law of corporations for an answer to the question whether WASA could maintain an attorney-client relationship with Floyd Pearson after that date. Dissolution of a corporation, whether by legislative act, court decree, or expiration of its period of duration, does not eliminate or impair any right, claim, or obligation of the corporation. See § 607.297, Fla.Stat. (1987); McGlynn v. Rosen, 387 So.2d 468 (Fla. 3d DCA 1980), rev. denied, 392 So.2d 1376 (Fla.1981). The board of directors of a dissolved corporation may maintain a legal action, to include taking appeals from a final judgment, on a suit which was in progress prior to the corporation’s dissolution. Ainsley Realty Co. v. Kramer, 189 So.2d 609 (Fla.1966). We therefore reject Dade County’s argument that WASA could not incur liability for attorney’s fees after November 1, 1983.
From our determinations that WASA was contractually obligated to defend against its abolition, and that it was legally empowered to maintain the lawsuit that was in progress when the ordinance abolishing the agency became law, we conclude that all reasonable costs of the litigation were an obligation Dade County was required to assume. In response to the substantive question, we hold that a government may not, by a legislative enactment, constitutionally exonerate itself from a contractually assumed obligation to pay a debt to a private third-party beneficiary. See State v. City of Coral Gables, 72 So.2d 48 (Fla.1954) (municipal creditors’ rights cannot be impaired by subsequent legislation).
Having reached the dispositive substantive question it is unnecessary to discuss the technical, although easier, waiver issue which would have led us to the same result.
Affirmed.

. The amount of the award, $106,760.96 plus interest, is not challenged.

. In pertinent part the contract provided:
[WASA] covenants to do or that it will cause to be done all things necessary to preserve and keep in full force and effect its existence and the rights and properties of it unless and until it is succeeded by a validly created successor governmental authority, created by law, which shall succeed to all rights, obligations, duties and properties to be performed and held by it hereunder....

. Section 2-345 of Ordinance 83-92 is captioned "Transfer of Obligations." It provides:
Immediately upon the effective date of this ordinance, Dade County, by and through its board of county commissioners, shall serve as the legally and validly organized successor to the Miami-Dade Water and Sewer Authority and shall assume all of the rights, obligations, properties, and duties of the Miami-Dade Water and Sewer Authority.

.Miami-Dade Water & Sewer Authority v. Metropolitan Dade County, 469 So.2d 813 (Fla. 3d DCA 1985).

. Miami-Dade Water & Sewer Authority v. Metropolitan Dade County, 503 So.2d 1314 (Fla. 3d DCA 1987).

. Floyd Pearson’s fee contract was not contingent upon WASA's prevailing in the action against Dade County. Indeed the law firm held a rare "win-win" status. If WASA had prevailed it would have been around to pay the firm’s fee. WASA’s ultimate loss in the judicial proceeding, in the suit commenced before but not concluded until after its legislative unraveling by the opposition, did not disentitle the firm to a reasonable fee. It meant only that the fee would be the obligation of Dade County pursuant to its takeover contract with WASA. In either case the source of payment would be the public kitty. Dade County’s theory, in opposing the fee award, is an exercise in circuity which, probably, is what confounds the dissent.