561 So.2d 399 (1990)
Fred H. MEIR and Muriel Meir, Appellants/Cross-Appellees,
v.
KIRK, PINKERTON, McCLELLAND, SAVARY & CARR, P.A., Andrew Shaw and Johnson P. Savary, Appellees/Cross-Appellants.
No. 89-01945.
District Court of Appeal of Florida, Second District.
May 9, 1990.
*400 Charles J. Cheves of Cheves, Rapkin & DeCiantis, P.A., Venice, for appellants/cross-appellees.
Debra J. Snow of Stephens, Lynn, Klein & McNicholas, Miami, and Claire L. Hamner and Victoria Pflug of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., Sarasota, for appellees/cross-appellants.
THREADGILL, Judge.
Appellants, Fred and Muriel Meir, challenge the final judgment entered on a directed verdict in their action for legal malpractice, contending the trial court erred in interpreting a statute of limitations. Appellees cross appeal arguing that the court erred in failing to grant them summary judgment on the basis of judgmental immunity, and in admitting certain evidence. We agree with the trial court that the statute of limitations, section 95.11(4)(a), Florida Statutes (Supp. 1974), is not retroactive. We also agree with Appellees that judgmental immunity is an alternative basis for the ruling and we therefore affirm the final judgment.
For the purpose of this appeal, the following facts are relevant. In November, 1975, Appellants hired Appellees Kirk, Pinkerton, McClelland, Savary & Carr, P.A., to represent them in appealing or otherwise avoiding a mortgage foreclosure judgment which had been entered against them and their corporation. Appellants contended that attorney William Cross, who had defended them in the foreclosure action, had been negligent. Mr. Meir told Appellees Johnson Savary and Andrew Shaw of the law firm that Cross's negligence became known to him in August or September, 1974. They then discussed a legal malpractice action against Cross. In a letter dated April 14, 1977, Andrew Shaw advised Mr. and Mrs. Meir as follows:
[W]e should consider filing any malpractice action against the Graham, Hodge Law Firm at any time now; and certainly before August or September of this year [1977]. While the commencement of the running of the two years Statute of Limitation is vaguely defined, I feel certain that a court would hold that it would have run subsequent to a time two years after this law firm's initial involvement with you in this case which time will run out in late November 1977.
Shaw referred Appellants to another attorney, David Young, who filed a legal malpractice action against Cross in November, 1977. Cross moved for summary judgment alleging that Appellants' cause of action *401 had expired in late 1976, two years after they had learned of Cross's negligence and one year before the suit was filed. § 95.11(4)(a), Fla. Stat. (Supp. 1974).
Young regarded the statute of limitations issue as insurmountable, and on his advice Appellants settled the legal malpractice suit against Cross in March, 1985. Appellants then sued Appellees for legal malpractice based on Shaw's opinion.
The trial court granted a directed verdict in favor of Appellees, finding the four-year statute of limitations applied because amended section 95.11(4)(a), which shortened the limitations period to two years effective January 1, 1975, was not retroactive. See § 95.11(4), Fla. Stat. (1973). Noting that the action against Cross was filed within the four-year limitations period, the court concluded that Appellees could not be held liable for malpractice.
At the time the legislature revised section 95.11(4)(a), it also enacted a savings clause, section 95.022, providing that "[t]his act shall become effective on January 1, 1975, but any action that will be barred when this act becomes effective and that would not have been barred under prior law may be commenced before January 1, 1976, and if it is not commenced by that date, the action shall be barred." Ch. 74-382, § 36, Laws of Fla.
The issue thus presented by Appellants' appeal is whether the two-year limitations period of section 95.11(4)(a), Florida Statutes (Supp. 1974) applied retroactively to bar Appellants' cause of action against attorney Cross. Appellants argue convincingly that the supreme court in Carpenter v. Florida Central Credit Union, 369 So.2d 935 (Fla. 1979) answered this question in the affirmative by stating that "[t]he very nature of a savings clause imparts retroactivity upon the statutes within its ambit." Id. at 937.
Both parties cite the supreme court decision in Homemakers, Inc. v. Gonzales, 400 So.2d 965 (Fla. 1981), in support of their positions. As argued by Appellees, Homemakers stands for the proposition that amended section 95.11(4), contains no "express, clear, or manifest intent that it apply retroactively" and that the savings clause "offers no evidence of such intent." Homemakers, 400 So.2d at 967.
We are not able to reconcile the statement in Carpenter that the presence of a savings clause imparts retroactivity upon the statute it addresses, with the court's failure in Homemakers to find, despite the savings clause, any express, clear or manifest statement of legislative intent that the statute be applied retroactively. See also Walker & LaBerge, Inc. v. Halligan, 344 So.2d 239, 241 (Fla. 1977) (finding no intent in the language of section 95.11(4), Florida Statutes (1975) to support retroactive application).
The plaintiff's cause of action in Carpenter fell within the ambit of the savings clause, whereas the Meirs' action falls outside of it. The supreme court has stated that the purpose of a savings clause is to satisfy due process concerns by allowing a reasonable time to file actions already accrued whenever the legislature shortens a limitations period. Homemakers, 400 So.2d at 967; Foley v. Morris, 339 So.2d 215 (Fla. 1976). A literal reading of section 95.022, however, accords a reasonable time to file to only some shortened causes of actions, those which would expire under the shortened statute on or before December 31, 1974. For those actions shortened, but expiring after January 1, 1975, there is no reasonable time to file. Thus an action expiring January 2, 1975, would have to be filed by January 2, 1975. This is an inconsistent and unreasonable result which could not have been intended by the legislature.
We must conclude that by its plain terms, the savings clause in section 95.022, applies only to those cases which are barred on January 1, 1975. Because the savings clause cannot be applied to every case within the ambit of the statute, we do not believe that it can constitute a clear statement of intent that the statute apply retroactively. As we noted in In re Estate of Jelley, 360 So.2d 1313 (Fla. 2d DCA 1978), "it is for the legislature to provide a general rule applicable to all cases falling within a class, and not for the judiciary to *402 declare what is or should be a reasonable time varying with the circumstances of each case as it arises." Id. at 1316.
This court has held that where the legislature's intent to provide retroactive shortening of the limitations period is in doubt, the benefit of the doubt is to be given to the party with the existing cause of action. Maltempo v. Cuthbert, 288 So.2d 517 (Fla. 2d DCA), cert. den., 297 So.2d 569 (Fla. 1974). This has been the result where other Florida courts have addressed similar situations and refused to find section 95.11 retroactive despite the existence of the section 95.022 savings clause. See, e.g., Stuyvesant Ins. Co. v. Square D Company, 399 So.2d 1102 (Fla. 3d DCA 1981); Garofalo v. Community Hospital of South Broward, 382 So.2d 722 (Fla. 4th DCA 1980); and Brooks v. Cerrato, 355 So.2d 119 (Fla. 4th DCA 1978).
We therefore conclude that the savings clause in section 95.022 did not express any clear intent that the statute apply retroactively and that the legal malpractice claim against Cross was not barred by the applicable statute of limitations. We affirm on this basis.
We also affirm the judgment of the court based on alternative reasons argued before the trial court and raised here on cross appeal. See, e.g., In re Estate of Yohn, 238 So.2d 290 (Fla. 1970); Moudy v. Southland Distributing Company of St. Petersburg, Inc., 452 So.2d 1045 (Fla. 2d DCA 1984). In a motion for summary judgment which was denied, Appellees argued that the court need find not only attorney error but must also determine whether the error related to a point of law so settled that the attorney's advice would not fall within the doctrine of judgmental immunity. The trial court did not expressly rule on the judgmental immunity issue, but we find that the question of whether the statute of limitations began running upon entry of the judgment of foreclosure or upon the November 1975 entry of the deficiency judgment against Appellants personally, or upon resolution of the appeal from either order, to be a fairly debatable point in law. See, e.g., Zakak v. Broida and Napier, P.A., 545 So.2d 380 (Fla. 2d DCA 1989); Sawyer v. Earle, 541 So.2d 1232 (Fla. 2d DCA), cause dismissed, 545 So.2d 1368 (Fla. 1989); Gottschamer v. August, Thompson, Sherr, Clark & Shafer, P.C., 438 So.2d 408 (Fla. 2d DCA 1983); Kellermeyer v. Miller, 427 So.2d 343 (Fla. 1st DCA 1983); Birnholz v. Blake, 399 So.2d 375 (Fla. 3d DCA 1981). Therefore, Appellees' good faith exercise of professional judgment is protected and no claim for negligence may be premised thereon. See Kaufman v. Cahen, P.A., 507 So.2d 1152, 1153 (Fla. 3d DCA 1987).
In light of our decision, we need not address the evidence question on cross appeal.
Affirmed.
CAMPBELL, C.J., and FRANK, J., concur.